## STATE OF MARYLAND *v.* ISAAC CLYDE HOWARD

[No. 132, September Term, 1968.]

*Decided August 6, 1969.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* for applicant.

*Theodore Losin* for respondent.

PER CURIAM.

This is an application for leave to appeal filed by the State of Maryland from an order of Judge Thomas J. Kenney in the Criminal Court of Baltimore, dated December 2, 1968, awarding Isaac Howard a new trial on the ground that at his original trial he was convicted by the court sitting without a jury without first having af-

firmatively waived his constitutional right to a trial by jury.

Following an evidentiary hearing on Howard's petition for post conviction relief, at which both Howard and his trial counsel testified, Judge Kenney found that Howard was "a person of very dull intelligence," that he had "difficulty communicating," that he had attended but one year of school, could not read or write other than his own name, and appeared to be so mentally inadequate as to require a mental examination to determine his competency to stand trial (in the event of a retrial). The transcript of the original trial shows that Howard's trial counsel elected a court trial for him, there being no explicit showing, however, that Howard concurred in this election. Judge Kenney held in his opinion that "the preferable practice is for defense counsel to explain in open court on the record the defendant's right to a jury trial and to obtain in open court his intelligent waiver of the same." After noting that the trial transcript was similarly silent with respect to whether trial counsel advised Howard of his right to appeal, and to have his sentence reviewed, Judge Kenney concluded that Howard was "of such low mentality that he did not understand fully his right to a jury trial and did not, therefore, make an 'intentional relinquishment or abandonment of a known right or privilege,' " this being the applicable test to determine the waiver of a federal constitutional right under *Johnson v. Zerbst*, 304 U. S. 458. In directing that Howard be awarded a new trial, the court did not purport to disbelieve Howard's trial counsel who testified that he had in fact advised Howard of his right to a jury trial.[1] As indicated, it appears to be the underlying basis of Judge Kenney's opinion that even if such advice had been given, Howard did not, either as a matter of fact or law, waive his constitutional right to a jury trial.

In its application for leave to appeal, the State con-

---

1. Howard testified that he was not told by his trial counsel of his right to trial by jury.

tends that there was no medical evidence to support the court's finding of Howard's mental inadequacy; that there was no evidence other than Howard's own testimony that he was not advised of his right to a jury trial; and that, consequently, the court could not find that Howard was incapable of understanding his own attorney's advice.

We have obtained and reviewed the transcript of the post conviction hearing before Judge Kenney. Considering the court's opinion, including its factual findings in light of the transcript, we are unwilling to hold that Judge Kenney's conclusion awarding Howard a new trial was erroneous. Compare *Moore v. State,* 7 Md. App. 330.

*Application denied.*