ARTHUR M. BIDDLE, JR. *v.* STATE OF MARYLAND

[No. 24, September Term, 1978.]

*Decided October 13, 1978.*

The cause was argued before GILBERT, C. J., and MORTON and THOMPSON, JJ.

*John W. Sause, Jr., District Public Defender,* for appellant.

*Stephen Rosenbaum, Assistant Attorney General,* with whom were *Francis Bill Burch, Attorney General,* and *John*

*T. Clark, III, State's Attorney for Queen Anne's County,* on the brief, for appellee.

GILBERT, C. J., delivered the opinion of the Court.

This appeal tests whether Maryland Rule 735 is a prescribed ritual to be followed by trial judges before accepting an accused's election of a court trial with its appurtenant waiver of trial by jury.

This Court, in *Zimmerman v. State,* 9 Md. App. 488, 265 A. 2d 764 (1970) (Thompson, J., dissenting), remanded the case to the Criminal Court of Baltimore without affirmance or reversal because, in our view, the record failed to demonstrate that Zimmerman "knew of his right to a jury trial" at the time his attorney elected a non-jury trial, and that Zimmerman "intentionally relinquished or abandoned" that right. We directed the trial court to receive such "additional evidence . . . as may be necessary" to make a determination of whether Zimmerman knowingly and intelligently waived his right to a trial by jury.

The Court of Appeals, *State v. Zimmerman,* 261 Md. 11, 273 A. 2d 156 (1971), reversed *Zimmerman v. State, supra,* on other grounds, holding, in essence, that the issue was not properly before this Court, and that we should not have decided it. Md. Rule 1085. During the course of the opinion, delivered for the Court by Judge Smith, the observation was made that "we regard *the preferable practice* in accepting an election of trial by the court from an accused is for the trial judge at that time to determine on the record whether this is a knowing election on the part of the accused of a court trial in lieu of a jury trial. . . ." (Emphasis added.)

Taking our cue from *Zimmerman,* this Court, speaking through Judge Moylan in *Miller v. Warden,* 16 Md. App. 614, 623-24, 299 A. 2d 862, 868 (1973), stated:

"It is axiomatic that a criminal defendant in Maryland has the right to a trial by jury. This right is conferred by Article 5 and Article 21 of the Maryland Declaration of Rights. It is also conferred

by the due process clause of the Fourteenth Amendment to the Federal Constitution, which has been held by *Duncan v. Louisiana,* 391 U. S. 145, to incorporate the jury trial provision of the Sixth Amendment. Our problem is to decide how one elects to exercise that right or, alternatively, how one waives that right. The recognition of the right under the Maryland Declaration of Rights being fifteen years senior to the recognition by the Federal Bill of Rights, we are confident that our experience in implementing that right will not lightly be disregarded.

Our preliminary problem is to isolate the precise issue before us. In the language of the artilleryman, we shall 'bracket the target.' Initially, it is settled that the decision as to mode of trial (however made) must be the decision of the accused himself. Counsel may not "make" (as opposed to "announce") that decision for him. *State v. Howard,* 7 Md. App. 429. Our issue lies beyond that.

At the opposite extreme, it is settled that the decision of the accused in this regard, albeit of necessity made by him, need not be 'announced' by him or shown upon the face of the record. It is sufficient that the decision, even though announced by counsel, have [*sic*] been in fact made or acquiesced in by the accused. It is the true state of the defendant's mind which ultimately must be ascertained. No catechism a la *Boykin* or *Miranda* has been constituitionally prescribed. Even our holding in *Zimmerman v. State,* 9 Md. App. 488, overruled in other regards by *State v. Zimmerman,* 261 Md. 11, did not impose such a ritualistic obligation upon the State or the court. Our issue lies short of this." (Footnotes omitted.)

We went on in *Miller* to hold that under the circumstances of that case Miller had made "an effective waiver of trial by jury."

This Court's *Zimmerman* and *Miller* both focused on the scope of then Md. Rule 741 which provided:

"An accused may elect to be tried by a jury or by the court. Such election shall be made by the accused in open court when first called upon to plead after he is represented by counsel of record or has waived counsel. If an accused elects to be tried by the court, the State may not elect a jury trial. The court may, in its discretion and for good cause shown, at any time prior to the trial permit the accused to change his election."

Then Rule 741 remained in effect until the Court of Appeals adopted, with amendments made on its own motion, the "Fifty-third Report to the Court" which recommended the "rescission of all Rules in Chapter 700 (Criminal Cases) of the Maryland Rules of Procedure . . . and the adoption of certain Proposed Rules Changes in substitution therefor. . . ." The new Chapter 700 became effective July 1, 1977. It governs the proceeding before us to which we now turn.

The appellant, Arthur M. Biddle, Jr., seeks to set aside his conviction by the Circuit Court for Queen Anne's County on a charge of escape. At a non-jury trial, the appellant was adjudged to be guilty and sentenced to a term of five (5) years imprisonment, to be served consecutively to the sentence of life imprisonment previously imposed on appellant March 30, 1954.

Biddle poses a number of issues for our review, the first two of which are raised by the Public Defender, and the balance have been put to us through counsel at the express direction of Biddle.

## THE FACTS

On July 16, 1977, James Cecil telephoned the Eastern Correctional Camp and reported that he had seen "two men running down the road." Both "white males were running between my mail box and the next entrance to the West Farm." When a car approached, the two men "dived in some

bushes. . . . After the car passed these . . . two males continued on toward Starkey's Corner. . . ." A head count at the camp disclosed that appellant and a codefendant, not a party to this appeal, were missing. Trooper First Class S.L. Shelly of the Maryland State Police received a description of the escapees, and he happened upon appellant. Appellant's clothing and beard matched that of one of the escapees. Appellant identified himself to the trooper but explained that the trooper had it wrong because appellant was "an F.B.I. agent and . . . [he] had received orders, sealed orders to leave the Eastern Correctional Camp from the Director of the F.B.I. and that . . . he was an agent, undercover, who was sent to Eastern Correctional Camp. He had received orders to leave, . . . he was following his orders." Trooper Shelly also followed orders and arrested the appellant for escape.

At trial, appellant asserted that he was not escaping but was "attempting to go down the road and make a liquor run." Such a "run" was for the purpose of purchasing alcoholic beverages for consumption within the camp. He said that he had "no intent to escape." He explained his fairy tale about his being an F.B.I. agent as "just a story I made up for him." The trial judge apparently thought that Biddle's exculpatory narrative relative to the escape was "just a story . . . [Biddle] made up for . . . [the judge]."

## I.

Biddle contends that Md. Rule 735, a vastly more comprehensive and detailed rule than its predecessor, Rule 741, is "expressly mandatory." He asserts that "it was error for the [trial] court to disregard the rule."

Md. Rule 735 provides:

"a. *How Made.*

Subject to section e of this Rule, a defendant shall elect to be tried by a jury or by the court. The election shall be made pursuant to section b of this Rule and shall be filed within the time for filing a plea pursuant to Rule 731 (Pleas). If the defendant elects

to be tried by the court, the State may not elect a jury trial. After an election has been filed, the court may not permit the defendant to change his election except upon motion made prior to trial and for good cause shown. In determining whether to allow a change in election, the court shall give due regard to the extent, if any, to which trial would be delayed by the change.

b. *Form of Election.*

An election of a court or jury trial shall be in writing, signed by the defendant, witnessed by his counsel, if any, and filed with the clerk of the court in which the case is pending. It shall be substantially in the following form:

(caption of the case)

*Election of Court Trial or Jury Trial*

I know that I have a right to be tried by a jury of 12 persons or by the court without a jury. I am aware that before a finding of guilty in a jury trial all 12 jurors must find that I am guilty beyond a reasonable doubt. I am aware that before a finding of guilty in a court trial the judge must find that I am guilty beyond a reasonable doubt.

I hereby elect to be tried by: . . . . . . . . . . . . .
            (insert "the court" or "a jury")

I make this election knowingly and voluntarily and with full knowledge that I may not be permitted to change this election.

Witness:

. . . . . . . . . . . . . . . .      . . . . . . . . . . . . . . . . .
Signature of Counsel      Signature of Defendant
                       Date: . . . . . . . . . . . . . .

### c. *When No Election Filed.*

If the election is not filed within the time provided by this Rule, the court, on its own motion or upon the motion of the State's Attorney, may require the defendant, together with his counsel, if any, to appear before the court for the purpose of making the election in open court. If the defendant fails or refuses to make an election after being advised by the court on the record that his failure or refusal will constitute a waiver of his right to a trial by jury and if the court determines that the defendant knowingly and voluntarily is waiving his right with full knowledge of it, the defendant may then be tried by the court.

### d. *When Court Trial Elected.*

*If the defendant files an election to be tried by the court, the trial of the case on its merits before the court may not proceed until the court determines, after inquiry of the defendant on the record, that the defendant has made his election for a court trial with full knowledge of his right to a jury trial and that he has knowingly and voluntarily waived the right.* If the court determines otherwise, it shall give the defendant another election pursuant to this Rule.

### e. *Causes From District Court.*

Where the defendant has a right to a jury trial and his cause has been transferred from the District Court because he has demanded a jury trial, he shall be tried by a jury and may not elect a court trial except with leave of court for good cause shown." (Emphasis supplied.)

Rule 735, to a large extent, has resurrected this Court's holding in *Zimmerman v. State, supra.* The Rule now spells out the ritual the trial judge must follow in accepting the election of a non-jury trial. The Rule has changed the "preferred practice" of *State v. Zimmerman, supra,* into an absolute.

The record in the instant case reveals:

"THE COURT: What will we take up first, Mr. Clark?

MR. CLARK: [State's Attorney] Yes, sir, I will take up Arthur M. Biddle, Criminal Trial 1994.

THE COURT: Arraign Mr. Biddle.

MR. SKIPP: [Defense Counsel] We waive the reading.

THE COURT: ... Mr. Skipp, do you have a copy of the charges, were you served with anything?

MR. CLARK: Let the record reflect the defendant has received a copy of the charging document. Is that right?

THE DEFENDANT: Yes, Sir.

THE COURT: All right.

MR. SKIPP: We waive the reading, Your Honor, and plead not guilty and ask for a court trial.

THE CLERK: Not guilty and a court trial.

THE COURT: How long do you anticipate this will take, Mr. Skipp?

MR. SKIPP: Half a day, Your Honor.

. . . .

THE COURT: Now, what dates do we have?

MRS. WARD: We have the 21st of November and the 22nd. [1977]

THE COURT: Do you want to make it the 22nd?

MR. SKIPP: Yes, sir.

THE COURT: That's on Tuesday, the 22nd.

MR. CLARK: Yes, sir, Your Honor.

MR. SKIPP: Is that 9:30 or 10:00 o'clock?

THE COURT: 9:45. Now, gentlemen, keep in touch with your attorney; and if you have any witnesses or anything that you want him to do for you, let him know, so you can be ready at that time."

There is, as appellant notes, nothing within the record indicating compliance with the clear mandate of Rule 735. It was error for the trial court to "proceed until the court determines, after inquiry of the defendant on the record, that the defendant . . . made his election for a court trial with full knowledge of his right to a jury trial and that he . . . knowingly and voluntarily waived the right." Md. Rule 735 d.

Although the State asserts now that the issue of non-compliance with Rule 735 was not preserved for appeal, we believe the rule requires that the record affirmatively show compliance with its tenets, and that the failure to object does not preclude appellate review. This is so because Rule 735 d has a constitutional aspect similar to that of a guilty plea. The rule specifically forbids the trial court to proceed with the trial on the merits until there has been compliance with Rule 735 d, *i.e., a determination on the record of a knowing and intelligent waiver of the right to trial by jury. Cf. Davis v. State,* 278 Md. 103, 361 A. 2d 113 (1976). A waiver of a constitutional right must appear affirmatively in the record, *Boykin v. Alabama,* 395 U. S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969), and a failure of it to so appear is not grounds for dismissal of the appeal. Indeed, it is the very basis of the appeal.

One effect of Rule 735 is to make our holding in *Miller v. Warden, supra,* no longer viable. It is, therefore, expressly overruled.

Just as "[l]aws not enforced cease to be laws, and rights not defended may wither away," [1] rules of procedure not adhered to cease to be rules, and precise rubrics degenerate into meaningless gibberish.

Because the record in the case *sub judice* unequivocally shows a non-compliance with Md. Rule 735 d, the trial on the merits should not have proceeded. *Ergo,* the judgment must be reversed and the case remanded for a new trial.

---

[1]. Thomas Moriarty, as quoted by Dr. Laurence J. Peter in *Peter's Quotations* (1977 ed.) pg. 290.

## II.

Biddle argues the Maryland statute proscribing escape, Md. Ann. Code art. 27, § 139 (a),[2] is unconstitutional. Resolution of this interesting issue will have to await a later time when it is properly before us. Appellant neither raised the question in the trial court so as to preserve it for review, Md. Rule 1085, nor is there an adequate record upon which we could rely to hold the act to be unconstitutional. *In re Trader,* 272 Md. 364, 325 A. 2d 398 (1974). The way the matter now stands is that there is nothing before us to decide.

## III.

Because of the recent Supreme Court decision in *Burks v. United States,* 437 U. S. 1, 98 S. Ct. 2141, 57 L.Ed.2d 1 (1978), we deem it advisable to comment upon Biddle's asseveration that the evidence was insufficient to sustain the conviction. If the evidence were in fact insufficient, the heretofore practice of remanding for a new trial on that ground, *see Gray v. State,* 254 Md. 385, 255 A. 2d 5 (1969), *cert. denied,* 397 U. S. 944 (1970), is unconstitutional. It violated the Double Jeopardy Clause of the Fifth Amendment.

A review of the facts surrounding the escape by Biddle which we have set forth above in condensed form, makes crystalline that there was ample evidence for the trial judge to believe that Biddle had committed the crime of escape. Based upon that evidence, we are unable to say that the trial judge was "clearly erroneous," Md. Rule 1086, if it can be said that he was erroneous at all.

In view of our holdings it is unnecessary to consider the other *pro se* issues raised by Biddle, except to note that his contentions regarding his warrantless arrest, his argument

---

2. Following a decision by the Circuit Court for Anne Arundel County in State v. Walinski, et al. (Williams, J.), that Md. Ann. Code art. 27, § 139 (a) was unconstitutional because it violated the Equal Protection Clause of the Fourteenth Amendment and the Maryland Declaration of Rights, the General Assembly, by Laws 1978, ch. 188, enacted emergency legislation amending Md. Ann. Code art. 27, § 139 (a) (escape). The State has appealed the judgment of the Circuit Court for Anne Arundel County, and that matter is currently pending in this Court.

that administrative discipline for escape precluded trial for the criminal offense on the ground of double jeopardy, and his attempt to brand the State's witness, Cecil, as a perjurer are yeasty balderdash.

> *Judgment reversed.*
> *Case remanded for a new trial.*
> *Costs to be paid by Queen Anne's County.*