WILLIAM OSCAR McCOY AND LUTHER ROBINSON
*v.* STATE OF MARYLAND

[No. 813, September Term, 1978.]

* * *

LEROY GAULT *v.* STATE OF MARYLAND

[No. 1003, September Term, 1978.]

*Decided March 9, 1979.*

668

The cause was argued before THOMPSON, MASON and MACDANIEL, JJ.

*Nancy Louise Cook, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellants.

*Kathleen M. Sweeney, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Sandra A. O'Connor, State's Attorney for Baltimore County,* and *Richard McAllister, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

MACDANIEL, J., delivered the opinion of the Court.

Following a non-jury trial on August 2, 1978, in the Circuit Court for Baltimore County, co-defendants Leroy Gault (appellant Gault), William Oscar McCoy (appellant McCoy), and Luther Robinson (appellant Robinson) were convicted of larceny to the value of $100 or more. Appellants McCoy and Robinson filed a joint appeal to this Court (September Term, 1978, No. 813), and appellant Gault filed a separate appeal (September Term, 1978, No. 1003). These appeals have been consolidated and will be addressed together in this opinion.

Vernon Payne, a night manager, testified in the court below that he left the premises of Beverage Capital, Inc. around 1:00 a.m. on April 13, 1978. As he was leaving, he saw a cream-colored van with two persons inside enter the lot of the plant. He had previously locked the only two gates to the plant. Mr. Payne called the police from a gas station across the street. When he returned to the plant, he saw appellant Robinson hauling skids with a tow motor loaded with cases of soft drinks. He observed the van backed up to the loading

dock, and the doors were open. There were cases of soda both inside the van and on the loading dock.

On cross-examination by counsel for appellant Gault, Mr. Payne stated that appellant Robinson was an employee of Beverage Capital but that he did not deal with soft drinks as part of his employment. Appellant Robinson had no reason to be on the premises at that time.

Officer Miller pursued a subject running from the van and subsequently apprehended appellant Gault. Another officer found appellant McCoy crouched in the van, which belonged to appellant Gault. Appellant Robinson was later apprehended walking in the vicinity of the Beverage Capital building. When asked what he was doing there, he replied, according to Officer Kroner, that "he worked there and was just coming out for a breath of air."

There were 115 cases of soft drinks inside the van and 103 cases on the loading dock.

The appellants, as named below, make the following arguments:

1. That the lower court failed to follow the proper procedures relating to the waiver of a jury trial. (All three appellants.)
2. That Mr. Payne was not competent to testify regarding the value of the property allegedly stolen. (All three appellants.)
3. That the lower court erred in admitting against them evidence solicited on re-direct examination following cross-examination only by appellant Gault. (Appellants McCoy and Robinson.)
4. That, assuming, *arguendo,* proof of value, the evidence was insufficient to sustain a guilty verdict. (Appellant Robinson.)

## I.

The appellants contend that their convictions must be reversed because the trial court failed to comply with

Maryland Rule 735, Election of Court or Jury Trial, effective July 1, 1977, which provides:

"a. *How Made.*

Subject to section e of this Rule, a defendant shall elect to be tried by a jury or by the court. The election shall be made pursuant to section b of this Rule and shall be filed within the time for filing a plea pursuant to Rule 731 (Pleas). If the defendant elects to be tried by the court, the State may not elect a jury trial. After an election has been filed, the court may not permit the defendant to change his election except upon motion made prior to trial and for good cause shown. In determining whether to allow a change in election, the court shall give due regard to the extent, if any, to which trial would be delayed by the change.

b. *Form of Election.*

An election of a court or jury trial shall be in writing, signed by the defendant, witnessed by his counsel, if any, and filed with the clerk of the court in which the case is pending. It shall be substantially in the following form:

(caption of the case)

*Election of Court Trial or Jury Trial*
I know that I have a right to be tried by a jury of 12 persons or by the court without a jury. I am aware that before a finding of guilty in a jury trial all 12 jurors must find that I am guilty beyond a reasonable doubt. I am aware that before a finding of guilty in a court trial the judge must find that I am guilty beyond a reasonable doubt.
I hereby elect to be tried by: . . . . . . . . . .
(insert "the court" or "a jury")

I make this election knowingly and voluntarily and with full knowledge that I

may not be permitted to change this election.

Witness:

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Signature of Counsel Signature of
 Defendant
 Date: . . . . . . . .

c. *When No Election Filed.*

If the election is not filed within the time provided by this Rule, the court, on its own motion or upon the motion of the State's Attorney, may require the defendant, together with his counsel, if any, to appear before the court for the purpose of making the election in open court. If the defendant fails or refuses to make an election after being advised by the court on the record that his failure or refusal will constitute a waiver of his right to a trial by jury and if the court determines that the defendant knowingly and voluntarily is waiving his right with full knowledge of it, the defendant may then be tried by the court.

d. *When Court Trial Elected.*

*If the defendant files an election to be tried by the court, the trial of the case on its merits before the court may not proceed until the court determines, after inquiry of the defendant on the record, that the defendant has made his election for a court trial with full knowledge of his right to a jury trial and that he has knowingly and voluntarily waived the right.* If the court determines otherwise, it shall give the defendant another election pursuant to this Rule.

e. *Causes From District Court.*

Where the defendant has a right to a jury trial and his cause has been transferred from the District Court because he has demanded a jury trial, he shall be tried by a jury and may not elect a court trial

except with leave of court for good cause shown." [1] (Emphasis supplied.)

The record fails to show any election, under section b, of a court or jury trial by the appellants prior to the day of trial. At the trial, the following exchange took place:

"THE COURT: Now, you have a right to a trial by jury. What's the choice there?

MR. WHITE: As to Mr. Gault, Your Honor, he is aware that he has a right to a jury and he understands what a jury is, 12 people selected to hear this case. In which case they must return a unanimous verdict of guilt, either guilty or not guilty. He elects to waive that right and be tried by the court.

THE COURT: Very well. Mr. McCoy?

MR. GOODMAN: Yes, sir. As far as Mr. McCoy's concerned, court trial, Your Honor. Waiver of jury trial, the same as Mr. White just explained to his client.

THE COURT: Mr. Robinson?

MR. SHUMAN: Your Honor, Mr. Robinson's waiving his right to a jury trial and will take a court trial. He has been fully advised that, of his Constitutional right to a trial by a jury comprised of 12 people. And knowing that

---

1. Effective January 1, 1979, various changes have been made in Rule 735. None of the changes would result in a different outcome in the present case.

<div style="margin-left:2em;">
right he is waiving his Constitutional right to a jury trial.
</div>

THE COURT: Very well then."

Relying on this Court's ruling in *Biddle v. State,* 40 Md. App. 399, 407, 392 A. 2d 100, 104 (1978), the appellants argue that:

> "... the trial court [may not] proceed with trial on the merits until there has been compliance with Rule 735 d, *i. e., a determination on the record of a knowing and intelligent waiver of the right to a trial by jury. Cf. Davis v. State,* 278 Md. 103, 361 A. 2d 113 (1976). A waiver of a constitutional right must appear affirmatively in the record, *Boykin v. Alabama,* 395 U. S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969) ...."

They contend that the record in the case *sub judice* fails to show a determination by the lower court

> "after inquiry of the defendant on the record, that the defendant has made his election for a court trial with full knowledge of his right to a jury trial and that he has knowingly and voluntarily waived the right." Md. Rule 735 d.

We disagree.

The present case is factually different from the *Biddle* case, *supra,* where this Court held that the record unequivocally showed non-compliance with section d. In that case the record failed to show that the court gave any explanation of his rights. In the present case, the court informed the appellants that they had a right to a trial by jury and asked each of them whether it was waived. In response, each of the attorneys explained his client's understanding of his right and indicated that it was waived.

In *Countess v. State,* 41 Md. App. 649, 398 A. 2d 806 (1979), we said:

> "There is no 'magic litany' which must take place in the courtroom to demonstrate an effective waiver of the constitutional right to a jury trial. Although Rule 735 d now requires inquiry by the court of the defendant, the exact questions are not mandated. Rather, compliance with this rule must be determined by this Court from a review of the record in each case."

In addition, while the decision to waive the right to a jury trial must be made by the defendant, it may be voiced by his counsel. In *Miller v. Warden,* 16 Md. App. 614, 623-24, 299 A. 2d 862, 868 (1973),[2] we said:

> "... it is settled that the decision of the accused in this regard, albeit of necessity made by him, need not be 'announced' by him.... It is sufficient that the decision, even though announced by counsel, have been in fact made or acquiesced in by the accused."

Similarly, counsel's explanation of his client's understanding of his rights acts as the client's own explanation provided that the client acquiesces.

A review of the record in this case convinces us that the mandatory requirements of Rule 735 d have been met. As indicated above, counsel for each appellant announced the waiver of a jury trial and explained his client's understanding of his right. At no time did the appellants, all of whom were present, voice any objection. Indeed, prior to the commencement of the State's case, each appellant indicated that he was satisfied with the services of his attorney. Together, all of this shows that each appellant made his election of a court trial with full knowledge of his right to a

---

2. In Biddle, *supra,* it is stated at 407 [104]:

"One effect of Rule 735 is to make out holding in *Miller v. Warden, supra,* no longer viable. It is, therefore, expressly overruled."

The overruling of *Miller* was on other grounds not applicable here.

jury trial and each knowingly and voluntarily waived the right.

## II

Mr. Payne, the night manager of Beverage Capital, testified that the average value of a case of soft drinks was $2.88,[3] thereby establishing that the value of the goods stolen was over $100. The appellants argue that, because Mr. Payne was not competent to testify as to value, the lower court erred in allowing this testimony. This argument has no merit.

The night manager possessed the necessary knowledge of value of the goods stolen to support his testimony. Mr. Payne oversaw the stock of Beverage Capital as part of his general duties, and he had knowledge of the general sales prices of the items sold.

In addition, Mr. Payne, or, for that matter, the court itself, could easily infer that the value of each of the 218 cases of drinks involved need only be 50¢ for the total to exceed $100. Without any doubt, goods of a value in excess of $100 actually were stolen. *See Shipley v. State,* 220 Md. 463, 467, 154 A. 2d 708, 710 (1959).

## III

Appellants Robinson and McCoy argue, next, that the lower court erred in admitting against them evidence elicited on re-direct examination following cross-examination of Mr. Payne by appellant Gault only. With respect to their cases, they argue, there could be no re-direct examination. We disagree. As we said in *Murray v. State,* 35 Md. App. 612, 616, 371 A. 2d 719, 722 (1977):

> "That the indisputably competent testimony happened to come through the medium [of a co-defendant's case] at a joint trial has no influence upon the overriding consideration that the testimony was competent and that the appellant had no right to be shielded from it. *Poff v. State,* 3 Md. App. 289, 292, 239 A. 2d 121."

3. Although on several occasions, objections to this testimony were sustained, on other occasions the testimony was allowed.

## IV

Appellant · Robinson argues, finally, that, assuming, *arguendo,* no other errors, there was insufficient evidence with respect to him to sustain the guilty verdict. We disagree. As we stated in *Jones v. State,* 11 Md. App. 468, 475, 275 A. 2d 508, 511 (1971):

"Under the law of this State the test to be applied by this Court in reaching a determination of the sufficiency of the evidence in a non-jury case is whether the evidence either shows directly or supports a rational inference of the facts to be proved, from which the lower court could fairly be convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged, *Williams and McClelland v. State,* 5 Md. App. 450; *Jones v. State,* 5 Md. App. 180; *Roeder v. State,* 4 Md. App. 705; and the judgment of the lower court will not be set aside unless clearly erroneous. Maryland Rule 1086."

The fact of appellant Robinson's employment by Beverage Capital does not make it impossible for him to have committed a trespassory taking and, hence, be guilty of larceny. Mr. Payne, as indicated above, testified that the appellant Robinson did not deal with soft drinks in his employment. In addition, the premises were locked for the night and Robinson had no reason to be on the premises at the time of the larceny. This evidence is sufficient under the above test, and the trial judge was not clearly erroneous in finding that Robinson had committed the crime with which he was charged.

*Judgments affirmed.*
*Costs to be paid by appellants.*