KENNETH COUNTESS *v.* STATE OF MARYLAND

[No. 700, September Term, 1978.]

*Decided March 9, 1979.*

The cause was argued before THOMPSON, MOORE and MACDANIEL, JJ.

*Patricia A. Logan, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Stephen B. Caplis, Assistant Attorney General,* with whom were *Francis Bill Burch, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Richard*

*Berger, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MACDANIEL, J., delivered the opinion of the Court.

Kenneth Countess, the appellant, was charged with the crimes of assault with intent to murder and carrying a concealed deadly weapon. On May 8, 1978, after a non-jury trial in the Criminal Court of Baltimore, he was found guilty of the above offenses and was sentenced to thirty years and three years respectively, the sentences to be served consecutively. The following issues are raised on appeal:

1. Did the appellant effectively waive his right to a jury trial?
2. Was the issue of mitigation generated by the evidence? (We have combined the appellant's second and third issues.)
3. Did the trial court impose an excessive sentence with prejudice and ill-will and without regard for mitigating circumstances?

We will first address the second and third issues, above.

William Smith testified in the trial below that on December 13, 1977, at about 12:55 a.m., he was on Pennsylvania Avenue near the "Pig Pen" and the Wonderland Bar. He went into the Wonderland Bar, where he saw a child he referred to as "Shortie" (later identified as Kevin Stevenson) talking to the appellant. Thinking that the boy might need some help to get home at that hour, Mr. Smith left the bar with Shortie. Mr. Smith noticed the appellant wearing a long green coat and standing against the wall. As Mr. Smith raised his arm to put it around the boy's shoulder he was stabbed in the side by the appellant. He grabbed his assailant and fought with him. Mr. Smith testified that he had never seen the appellant before and that they exchanged no words at any time.

Kevin Stevenson testified that he had told Mr. Smith that the appellant was "messing" with him and that Mr. Smith was going to walk him home. On cross-examination, he denied that he had tried to take money from the appellant, that he

and Mr. Smith had been in the "Pig Pen," or that there had been a fight or argument between Mr. Smith and the appellant prior to the stabbing.

Officer Hillard Fritz testified that after he arrived on the scene he placed the appellant under arrest. A five-inch dagger covered with spots that looked like blood was taken from a pocket of the appellant's coat which was green and had spots of blood on it. He testified, for the purpose of impeachment, that Kevin Stevenson had told him that the appellant and Mr. Smith had argued at the "Pig Pen."

The appellant did not testify on his own behalf.

## I

In *Tripp v. State,* 36 Md. App. 459, 465-66, 374 A. 2d 384, 389 (1977), this Court, quoting from *Whitehead v. State,* 9 Md. App. 7, 10-11, 262 A. 2d 316, 319 (1970), set out the elements of provocation:

> " '[T]here may be a homicide which would otherwise be murder which is reduced to manslaughter by circumstances of alleviation or mitigation. Such a case is where the circumstances surrounding the homicide establish that it was provoked. For the "Rule of Provocation" to be invoked there are four requirements:
>
> (1) There must have been adequate provocation;
> (2) The killing must have been in the heat of passion;
> (3) It must have been a sudden heat of passion —that is, the killing must have followed the provocation before there had been a reasonable opportunity for the passion to cool;
> (4) There must have been a causal connection between the provocation, the passion, and the fatal act.' "

For requirement (1), above, to be met:

". . . there must be not simply provocation in psychological fact, but one of certain fairly well-defined classes of provocation recognized as being adequate as a matter of law. Clark and Marshall, *Law of Crimes* (Sixth Wingersky Ed., 1958), describes the objective character of this test, at 621:

'To reduce a homicide from murder to manslaughter, *the provocation must be adequate in law,* and to be so it must be so great as reasonably to excite passion and heat of blood. Passion without adequate provocation is not enough. If a man unreasonably allows his passion to control his judgment, he is responsible to the full extent for the consequences of his acts. The line which distinguishes provocations which will mitigate the offense from those which will not, cannot be clearly defined. Reasonableness is the test. The law contemplates the case of a reasonable man—an ordinarily reasonable man—and requires that the provocation shall be such as might naturally induce such a man, in the anger of the moment, to commit the deed.' (Emphasis supplied)" 36 Md. App. at 473, 374 A. 2d at 392-93.

A review of the record shows that the appellant has failed to raise the issue of mitigation because of provocation. As the trial court below suggested, mere evidence of an argument between the appellant and the victim does not meet any of the four requirements, above. The appellant's evidence is far too vague, and it is not necessarily even suggestive of the conclusion he asks us to reach. The appellant has not satisfied his burden of producing evidence of mitigation through provocation. Only if he had satisfied that burden, would the burden then shift to the State to disprove provocation. *Tripp v. State, supra,* at 477 [395].

## II

With respect to the appellant's argument that the trial court imposed an excessive sentence without regard to mitigating circumstances and acted on prejudice and ill-will, we adopt the language of this Court in *Glass v. State,* 24 Md. App. 76, 81, 329 A. 2d 109, 112 (1974):

"We see no abuse in the wide discretion enjoyed by the trial judge in his sentencing authority. The sentences did not exceed the maximum permitted by law, they were not cruel and unusual, and they were not imposed in violation of due process of law. No unworthy motive was indicated."

## III

We now turn to the appellant's first argument, namely, that the trial court failed to comply with then Maryland Rule 735, Election of Court or Jury Trial, effective July 1, 1977, which provides:

"a. *How Made.*

Subject to section e of this Rule, a defendant shall elect to be tried by a jury or by the court. The election shall be made pursuant to section b of this Rule and shall be filed within the time for filing a plea pursuant to Rule 731 (Pleas). If the defendant elects to be tried by the court, the State may not elect a jury trial. After an election has been filed, the court may not permit the defendant to change his election except upon motion made prior to trial and for good cause shown. In determining whether to allow a change in election, the court shall give due regard to the extent, if any, to which trial would be delayed by the change.

b. *Form of Election.*

An election of a court or jury trial shall be in

writing, signed by the defendant, witnessed by his counsel, if any, and filed with the clerk of the court in which the case is pending. It shall be substantially in the following form:

(caption of the case)

*Election of Court Trial or Jury Trial*

I know that I have a right to be tried by a jury of 12 persons or by the court without a jury. I am aware that before a finding of guilty in a jury trial all 12 jurors must find that I am guilty beyond a reasonable doubt. I am aware that before a finding of guilty in a court trial the judge must find that I am guilty beyond a reasonable doubt.

I hereby elect to be tried by: . . . . . . . .
(insert "the court" or "a jury")

I make this election knowingly and voluntarily and with full knowledge that I may not be permitted to change this election.

Witness:

. . . . . . . . . . . . . . .     . . . . . . . . . . . . . . . . . .
Signature of Counsel    Signature of Defendant
Date:  . . . . . . . . . . .

### c. *When No Election Filed.*

If the election is not filed within the time provided by this Rule, the court, on its own motion or upon the motion of the State's Attorney, may require the defendant, together with his counsel, if any, to appear before the court for the purpose of making the election in open court. If the defendant fails or refuses to make an election after being advised by the court on the record that his failure or refusal will constitute a waiver of his right to a trial by jury and if the court determines that the defendant knowingly and voluntarily is waiving his right with full

knowledge of it, the defendant may then be tried by the court.

d. *When Court Trial Elected.*

*If the defendant files an election to be tried by the court, the trial of the case on its merits before the court may not proceed until the court determines, after inquiry of the defendant on the record, that the defendant has made his election for a court trial with full knowledge of his right to a jury trial and that he has knowingly and voluntarily waived the right.* If the court determines otherwise, it shall give the defendant another election pursuant to this Rule.

e. *Causes From District Court.*

Where the defendant has a right to a jury trial and his cause has been transferred from the District Court because he has demanded a jury trial, he shall be tried by a jury and may not elect a court trial except with leave of court for good cause shown." [1] (Emphasis supplied.)

In compliance with section b, the appellant filed the specified written election to be tried by a jury. Subsequently, on the day of trial, when the appellant changed his mind and requested to be tried by the court, the following exchange took place:

"THE CLERK: How do you elect to be tried?

THE DEFENDANT: Judge.

THE COURT: Okay. You understand you have a right to a Jury Trial, Mr. Countess?

(Whereupon, the Defendant indicated affirmatively by nodding his head.)

THE COURT: You understand that, sir?

THE DEFENDANT: Yeah, I understand.

---

1. Effective January 1, 1979, various changes have been made in Rule 735. None of the changes would result in a different outcome in the present case.

> THE COURT: Has your lawyer fully explained that to you?
> THE DEFENDANT: Yeah.
> THE COURT: And you have elected to be tried by the Court instead of a Jury?
> THE DEFENDANT: Yeah.
> THE COURT: I didn't hear you.
> THE DEFENDANT: Yeah.
> THE COURT: All right, yeah, okay."

Relying on this Court's ruling in *Biddle v. State,* 40 Md. App. 399, 407, 392 A. 2d 100, 104 (1978), the appellant argues that:

> " . . . the trial court [may not] proceed with the trial on the merits until there has been compliance with Rule 735 d, *i.e., a determination on the record of a knowing and intelligent waiver of the right to trial by jury. Cf. Davis v. State,* 278 Md. 103, 361 A. 2d 113 (1976). A waiver of a constitutional right must appear affirmatively in the record, *Boykin v. Alabama,* 395 U. S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969) . . . ."

He contends that the record in the case *sub judice* fails to show a determination by the lower court

> "after inquiry of the defendant on the record, that the defendant has made his election for a court trial with full knowledge of his right to a jury trial and that he has knowingly and voluntarily waived the right." Md. Rule 735 d.

We disagree.

First, we must determine whether Section d of Rule 735 applies to this case. We hold that Rule 735 d must be complied with whenever a defendant elects a court trial regardless of

whether a previous election was made under Section b or whether the previous election was of a court or jury trial.[2]

Next, we must determine whether in the case *sub judice* the mandatory requirements of Section d of Rule 735 have been satisfied.

The present case is factually different from the *Biddle* case, *supra,* where this Court held that the record unequivocally showed non-compliance with Section d in that the record failed to show that the court gave him any explanation of his rights.

In the present case, there was a prior election of a jury trial pursuant to the form specified in Section b. When, on the day of trial, the appellant apparently changed his mind and requested a court trial, he was questioned by the court about his election.

There is no "magic litany" which must take place in the courtroom to demonstrate an effective waiver of the constitutional right to a jury trial. Although Rule 735 d now requires inquiry of the defendant, the exact questions are not mandated. Rather, compliance with this rule must be determined by this Court from a review of the record in each case.

A review of the record in this case convinces us that the mandatory requirements of Rule 735 d have been satisfied. Both the appellant and his attorney signed the form which is part of the record, and it contains all of the information required by Section b. On the day of trial, the appellant indicated, in response to questioning, that he understood that he had a right to a jury trial and that his lawyer had fully

2. We note that the following change, effective January 1, 1979, in Section d of Rule 735 absolutely mandates this outcome:

"If the defendant [files an election] *elects* to be tried by the court, the trial of the case on its merits before the court may not proceed until the court determines, after inquiry of the defendant on the record, that the defendant has made his election for a court trial with full knowledge of his right to a jury trial and that he has knowingly and voluntarily waived the right. If the court determines otherwise, it shall give the defendant another election pursuant to this Rule." (*Italic type* indicates new text. [Single brackets] indicates deleted text.)

658

explained his right to him. The signed form and the in-court responses to questioning, show that the appellant made his election of a court trial with full knowledge of his right to a jury trial and that he knowingly and voluntarily waived the right.

*Judgments affirmed.*
*Costs to be paid by appellant.*