CHARLES S. TUCKER *v.* STATE OF MARYLAND

[No. 549, September Term, 1978.]

*Decided April 11, 1979.*

The cause was argued before MOORE, LOWE and MELVIN, JJ.

*Martha Weisheit, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Diane G. Goldsmith, Assistant Attorney General,* with whom were *Francis Bill Burch, Attorney General, Warren B.*

*Duckett, Jr., State's Attorney for Anne Arundel County,* and *R. David Fordham, Assistant State's Attorney for Anne Arundel County,* on the brief, for appellee.

MOORE, J., delivered the opinion of the Court.

At a bench trial in the Circuit Court for Anne Arundel County, appellant, Charles S. Tucker, was convicted of escape and a consecutive 18-month sentence was imposed. In his brief, filed on October 3, 1978, six separate issues were raised.

At oral argument on December 13, 1978, counsel for appellant requested leave to raise a new issue, that of noncompliance with Maryland Rule 735, in light of this Court's decision in *Biddle v. State,* 40 Md. App. 399, filed on October 13, 1978, some 10 days subsequent to the filing of appellant's brief. Thereafter, pursuant to leave of court, appellant's counsel filed a written motion on January 9, 1979 that the court, pursuant to Maryland Rule 1046 (f), consider this new issue.

On January 16, 1979, the court signed an Order "that the issue, 'Did the trial judge err in permitting trial to proceed without first determining on the record that the appellant had knowingly and intelligently waived his right to jury trial as required by Maryland Rule 735?' first raised before this Court upon oral argument be considered along with other issues raised in the brief of appellant." The court also granted a motion by appellant to supplement the record, pursuant to Maryland Rule 1027, by the inclusion of the transcript of appellant's arraignment on October 10, 1978 in the Circuit Court for Anne Arundel County and of proceedings on a motion for discovery held on November 18, 1978 (Goudy, J.). The basis for the aforesaid motion and Order was appellant's statement that "matters which transpired in prior proceedings may be pertinent to the success of the present appeal."

Upon our examination of the record, we find that although two written elections for a court trial were filed, there was no inquiry on the record to determine if the election was

voluntary. There was no compliance with Maryland Rule 735 d as amended by 5 Md. Reg. 1788-89 (1978) which provides:

> "d. *When Court Trial Elected.*
>
> If the defendant elects to be tried by the court, the trial of the case on its merits before the court may not proceed until the court determines, after inquiry of the defendant on the record, that the defendant has made his election for a court trial with full knowledge of his right to a jury trial and that he has knowingly and voluntarily waived the right. If the court determines otherwise, it shall give the defendant another election pursuant to this Rule." [1]

Accordingly, as Chief Judge Gilbert stated in *Biddle v. State*:

> "Because the record in the case *sub judice* unequivocally shows a non-compliance with Md. Rule 735 d, the trial on the merits should not have proceeded. *Ergo,* the judgment must be reversed and the case remanded for a new trial."

40 Md. App. at 407.

The State concedes that there was noncompliance with the Rule and, therefore, that the issue raised at oral argument is meritorious. However, it contends that the proper avenue of relief is through post conviction proceedings, and that the belated assertion of the issue should not be permitted. We do not agree. To a similar argument in *Biddle v. State,* the Court responded:

> "Although the State asserts now that the issue of non-compliance with Rule 735 was not preserved for appeal, we believe the rule requires that the record affirmatively show compliance with its tenets, and that the failure to object does not preclude appellate review. This is so because Rule 735 d has a

---

1. We observe that the inquiry by the court required by the Rule was not made at the proceedings of October 10 and November 18, 1978. The question whether inquiry made at either of such dates would satisfy the Rule is not before us.

constitutional aspect similar to that of a guilty plea. The rule specifically forbids the trial court to proceed with the trial on the merits until there has been compliance with Rule 735 d, *i.e., a determination on the record of a knowing and intelligent waiver of the right to trial by jury. Cf. Davis v. State,* 278 Md. 103, 361 A. 2d 113 (1976). A waiver of a constitutional right must appear affirmatively in the record, *Boykin v. Alabama,* 395 U. S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969), and a failure of it to so appear is not grounds for dismissal of the appeal. Indeed, it is the very basis of the appeal." (Emphasis in the original.)

40 Md. App. at 407.

We recognize that one of appellant's contentions in his brief is that he was denied his constitutional right to a speedy trial. Such deprivation would mandate a reversal without a new trial. However, the delay here from indictment to trial consisted of approximately five months and was not, therefore, of constitutional dimension.

> *Judgment reversed; cause remanded for a new trial; Anne Arundel County to pay the costs.*