501 A.2d 495
**Juan E. LEE**

v.

**STATE of Maryland.**

**No. 453, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Dec. 13, 1985.

John D. Thompson (Gerald A. Kroop and Kroop & Kurland, P.A., on brief), Baltimore, for appellant.

Jillyn K. Schulze, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore City and Cornelia Bright-Gordon, Asst. State's Atty. for Baltimore City, on brief), Baltimore, for appellee.

Submitted before BLOOM and ROBERT M. BELL, JJ., and W. ALBERT MENCHINE, Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

ROBERT M. BELL, Judge.

The narrow issue presented by this appeal is whether there was sufficient evidence presented at trial to prove beyond a reasonable doubt the charge of obstruction of justice. We find there was and so we will affirm the judgment of the Circuit Court for Baltimore City.

The facts are simple and may be recited briefly. Milton Blyther was the complaining witness in an assault case which he initiated in the District Court of Maryland for Baltimore City against Juan Lee, appellant. As he, accompanied by his wife and daughter, was leaving the District Court where he had gone in response to a summons to appear in connection with the assault charge, Blyther encountered appellant, who had failed to appear for the case. After offering the Blythers a ride home, appellant inquired if there had been court that day. When Blyther responded in the affirmative, appellant then asked Blyther why he had initiated charges against him. After Blyther responded,[1]

---

1.  Mrs. Blyther testified that the response was:
    > ... you could have talked to me. You was cussing at me and I was trying to talk to you. He said that you had your friends with you and he said that you could go by it in a manly way. You know, like a man and you can talk to me like a man. You know, he said he didn't have to cuss at me and you didn't have to put your hands on me ... Juan, you could have talked to me the same way you're talking to me now.

appellant took a gun from the glove box of his car, told Blyther either that he would talk to him with the gun or that he would deal with him like a man, and pointed the gun at him. He returned to his car and drove away when the Blythers mentioned that the police were coming.

The Blythers flagged down a police car and reported the incident. Appellant was located a short time later. Although the car and appellant were searched, no gun was found. A gun identified by Mr. and Mrs. Blyther as the one appellant pointed at them, was found, however, in some bushes, approximately twenty-five feet from where appellant was standing. Appellant was arrested and charged with assault, possession of a handgun and obstruction of justice.

Appellant was tried by the court sitting without a jury and testified in his own defense. While he admitted owning the gun recovered by the police, he denied pointing it at either one of the Blythers.

On appeal, appellant acknowledges that Blyther was a witness against him in a criminal case and that the subject confrontation occurred on a day on which a hearing in that case had been scheduled. He nevertheless argues that, rather than showing that appellant was trying to influence, intimidate or impede Blyther in the discharge of his duty as the complaining witness in that case, the testimony showed "at most, a continuation of their mutual disagreement and argument which led to the original assault charge." He finds significant the fact that none of the words he spoke "indicated that Mr. Blyther would be putting himself in jeopardy by continuing to press the assault charge."

Maryland Code Ann. Art. 27 § 27 provides:

If any person by corrupt means or by threats or force endeavors to influence, intimidate, or impede any juror, witness, or court officer of any court of this State in the

---

Blyther, on the other hand, testified that he responded, "I don't have anything to say to you."

discharge of his duty, or by corrupt means or by threats or force obstructs, impedes, or endeavors to obstruct or impede the due administration of justice therein, he is liable to be prosecuted, and on conviction to be punished by fine not exceeding $10,000, or by imprisonment not exceeding 3 years, or both, according to the nature and aggravation of the offense.

It was interpreted in *Romans v. State,* 178 Md. 588, 16 A.2d 642 (1940). There one of the defendants was charged with a violation of this section [2] by endeavoring to influence a prosecution witness in a criminal trial, then pending, to leave and remain out of Baltimore City until after that trial. Responding to the argument that the indictment under which the charge was brought was duplicitous, the Court said:

> The statute is in aid and definition of a class of those criminal acts which are known to the common law as obstructions of justice. The words of the statute are general and embrace in comprehensive terms various forms of obstruction. Thus the particular acts are not specified but, whatever they may be, if the acts be corrupt, or be threats or force, used in an attempt to influence, intimidate, or impede any juror, witness or officer in any court of the state in the discharge of his duty, there is an obstruction of justice. Likewise, if by acts of similar quality and nature the due administration of justice in any court shall either be impeded or obstructed or be so attempted, there is an obstruction of justice.

---

**2.** The section at issue in Romans was Art. 27, § 30, the predecessor of the present section. That section which does not differ in any material respect from § 27, provided:

> If any person shall corruptly or by threats or force endeavor to influence, intimidate or impede any juror, witness or officer in any court of this State in the discharge of his duty, or shall corruptly or by threats or force obstruct or impede, or endeavor to obstruct or impede, the due administration of justice therein, he shall be liable to be prosecuted therefor by indictment, and shall on conviction thereof be punished by fine not exceding five hundred dollars, or by imprisonment not exceeding three months, or both, according to the nature and aggravation of the offense.

> Furthermore, it is quite clear that the corrupt act, or one of threat or force, employed to influence or intimidate or impede any such juror, witness, or officer in the discharge of his duty in a court, must necessarily be, also, an endeavor to obstruct or impede in such court the due administration of justice. The fact that the act denounced is at once an attempt within the meaning of both clauses of the section of the statute forbidding certain obstructions to justice does not make the forbidden act two offences against the sovereign State. Where in this statute the acts particularly denounced are of necessity wholly within the limits of the acts generally denounced, two offences do not arise from the same act, although it may be dealt with here under alternate provisions as an obstruction to justice.

*Id.* at 592, 16 A.2d 642.

█ Although no particular acts are enumerated in the statute, *Romans* makes clear that the conduct prohibited includes any attempt to corruptly influence, intimidate, or impede a witness in the discharge of his duty or to corruptly obstruct or impede the due administration of justice. Thus, if the action of appellant was intended to influence, intimidate or impede Blyther from testifying against him, it would be prohibited conduct. Because no direct or express evidence of appellant's intent to influence, intimidate, or impede Blyther as a witness appears on the record, we must look to the circumstances surrounding the incident and the natural and inevitable consequences of the action.

A factual pattern very similar to that presented here was considered by the Court in *Smith v. United States,* 274 Fed. 351 (8th Cir.1921). Smith was convicted, under a statute very similar to § 27, of "unlawfully and willfully endeavoring, by assaulting and beating him, to influence, intimidate, and impede ... a witness in a cause then pending...." The facts on which the conviction was based were as follows. The witness testified in the case after which he was discharged and left town. This same witness was later recalled to testify in rebuttal. After he had notified the

court of his presence to testify, but before he actually testified the second time, the witness was assaulted by Smith, who accused the witness of giving false testimony when he first testified. Smith denied trying to influence the witness' testimony. On appeal, Smith argued that the "testimony shows that there was no substantial evidence of any intention on his part to impede or intimidate ... [the] witness, but that the object, intent, and cause of the assault and beating were a past event, [the witness'] first testimony." After noting that Smith, who was aware that the witness had testified, was angered by that testimony and that the trial was still in progress when Smith assaulted the witness, the court found Smith's argument unconvincing, explaining:

> If he had struck him hard enough, the blow would have impeded him more; but it had a certain tendency to influence and intimidate him from again testifying. It was in the nature of a warning, at least, that if he testified again he might be struck again. *The natural and inevitable consequence of an act may be considered in deducing the intention of the actor* ... (emphasis added)

*Id.* at 353. We find this reasoning persuasive.

■ Turning to the case *sub judice*, we find appellant's contention that there was presented insufficient evidence of his intent to obstruct justice to be both unconvincing and unrealistic. Were appellant correct, a defendant in a criminal proceeding could assault a potential witness against him and a charge of obstruction of justice would not lie so long as he or she is careful to ensure that his or her remarks concerning the reason for the assault relate to a past event, including even the precipitating cause for the charge, and not directly to the witness' pending appearance and testimony in the proceedings. We do not believe that proof of obstruction of justice depends solely upon the words that the perpetrator chose to use. Nor do we believe that the result urged by appellant in this case was intended by the legislature. We think, rather, that appellant's intent must

be judged in light of the circumstances attending his actions, including their natural and inevitable consequences.

The natural tendency of an assault on a witness who has yet to testify is to intimidate, influence, or impede that witness in the discharge of his or her duty. This is so whether the assault is committed silently or is preceded or accompanied by a commentary. Words spoken before or during the assault that state a purpose other than to influence or impede the witness' testimony, do not change the natural tendency of the assault.

■ In an appeal from a judgment rendered after a non-jury trial, the test of the sufficiency of the evidence is whether the evidence shows directly or supports a rational inference of the facts to be proved, from which the trial court could fairly be convinced, beyond a reasonable doubt, of appellant's guilt. *McCoy v. State,* 41 Md.App. 667, 676, 398 A.2d 1244 (1979) *rev'd on other grounds sub nom, Countess v. State,* 286 Md. 444, 408 A.2d 1302 (1979); *Graybeal v. State,* 13 Md.App. 557, 562, 284 A.2d 37 (1971); *Wiggins v. State,* 8 Md.App. 598, 606, 261 A.2d 503 (1970). The judgment of the trial court will not be set aside unless clearly erroneous. Maryland Rule 1086.

■ Appellant was aware that Blyther had brought assault charges against him and that a hearing, at which he did not appear, had been scheduled on those charges. He knew further that Blyther had attended the hearing. Appellant assaulted Blyther as he was returning home from that hearing, but only after appellant had inquired about the case. The assault was committed with the use of a handgun. When the natural and inevitable consequences of his actions are considered in light of these circumstances, it is clear beyond cavil that the judgment of the trial court was not clearly erroneous.

JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.