## STATE EX REL. RAYNES *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 32, October Term, 1948.]

*Decided April 27, 1949.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

PER CURIAM.

Dave Raynes was tried in the Criminal Court of Baltimore on the charges of rape and assault. He was found guilty on the second count charging assault, and was sentenced to the Maryland House of Correction for the term of 15 years. He is now applying for leave to appeal from refusal of a writ of habeas corpus. He claims that he was deprived of his constitutional right by being denied a jury trial.

Petitioner says that, when he was arraigned before Judge Sherbow on January 31, 1947, he pleaded not guilty and elected to be tried before a jury. He says that, after he requested a jury trial, the Court appointed Henry M. Siegel as counsel to defend him, and that during his interview with the attorney he did not discuss the question whether the trial should be before a jury.

It is well established that a trial of an accused before the court without a jury, at the election of the accused,

does not violate the constitutional provisions securing the right of trial by a jury in criminal cases. *Rose v. State*, 177 Md. 577, 10 A. 2d 617. Petitioner claims that he did not waive the right to jury trial, but that it was waived by his attorney. This Court has held that the election of a trial without a jury may be made by the attorney for the accused, as well as by the accused in person. *Rose v. State*, 177 Md. 577, 581, 10 A. 2d 617. Petitioner claims that his attorney did not comply with his original desire for a jury, as allegedly expressed at the time of his arraignment.

The docket entries of the Criminal Court show that on February 20, 1947, a plea of not guilty by reason of insanity was filed, and that on February 25 the case was submitted upon that plea. However, petitioner does not allege that he was incompetent at the time of the trial to waive the right to a jury trial. Nor does he allege any facts that show misconduct of the attorney or any violation of fundamental right during the course of the trial. Habeas corpus is not a proper remedy when the remedy by appeal was available and the judgment is not a nullity. *Loughran v. Warden of Maryland House of Correction*, 192 Md. 719, 64 A. 2d 712.

*Application denied, without costs.*