## CHISLOM *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[App. No. 35, September Term, 1960.]

682

*Decided November 15, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PER CURIAM.

This is an application for leave to appeal from the order denying the applicant post conviction relief from his conviction for robbery. All of the contentions raised below were clearly without substance.

The claim of the petitioner that he had not been properly identified at the line-up of suspects was an irregularity in a

preliminary investigative procedure which cannot be reviewed in a collateral proceeding. *Rice v. Warden,* 221 Md. 604, 156 A. 2d 632 (1959).

The contention that a co-defendant had stated that the petitioner was not one of the three robbers would raise a question of guilt or innocence for the trier of facts to determine, but was reviewable only on a motion for a new trial or a direct appeal. *Barbee v. Warden,* 220 Md. 647, 151 A. 2d 167 (1959).

Though the petitioner had not requested a copy of the trial transcript until after the time for a direct appeal had expired, he contends—because he was an indigent—that it was error not to furnish him with a copy immediately after trial. The contention has no merit. See *Brown v. Warden,* 221 Md. 582, 155 A. 2d 648 (1959).

The claim that the petitioner had been denied a jury trial is contrary to the facts. The record shows that the petitioner (through his counsel) elected to be tried by the court. Since he failed to seasonably object to the election made on his behalf, he thereby waived the right to thereafter raise the question. Cf. *Galloway v. Warden,* 221 Md. 611, 157 A. 2d 284 (1960).

The other contentions raised for the first time in this Court, even if they had substance, are not properly before us, and will not be considered.

*Application denied.*