# JOHN FRANKLIN FAIRBANKS v. STATE OF MARYLAND

[No. 803, September Term, 1978.]

*Decided March 15, 1979.*

The cause was submitted on briefs to MOYLAN, LOWE and MASON, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Victoria A. Salner, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, F. Ford Loker, Assistant Attorney General, Sandra A. O'Connor, State's Attorney for Baltimore County,* and *Stephen M. Schenning, Assistant State's Attorney for Baltimore County,* for appellee.

LOWE, J., delivered the opinion of the Court.

On July 18, 1978, John Franklin Fairbanks, the appellant,

was convicted by Judge William Buchanan in the Circuit Court for Baltimore County, of robbery with a dangerous and deadly weapon and of the use of a handgun in the commission of a crime. On August 16, 1978, he was sentenced to twenty years of imprisonment for the robbery, and to a concurrent five year sentence for the handgun offense. The sole issue raised on appeal is whether the court properly accepted appellant's waiver of a jury trial pursuant to Md. Rule 735.

Appellant raised no objection below to the waiver of trial by jury. In fact, his attorney volunteered that:

> "Mr. Fairbanks understands what a jury trial is. He understands he has the absolute right to have a jury trial and wishes to waive that right and be tried by the Court here today. Is that correct, Mr. Fairbanks?",

to which appellant replied:

> "Yes, sir, it is."

Appellant relies on *Biddle v. State,* 40 Md. App. 399 (1978), to argue that the record must show clear compliance with Md. Rule 735, and that an on the record inquiry of appellant was required of the court to ascertain if his waiver was knowingly and voluntarily made with full knowledge of his right to a jury trial. Md. Rule 735, interpreted by *Biddle,* has been altered by amendment. 5 Md. Reg. 1788-1789 (1978). To underscore the changes in Rule 735 since *Biddle,* we will set forth the rule as amended, bracketing in bold face (double brackets) that which was deleted and italicizing (by underlining) that which was added. Consideration of this amended version is necessary because the Court of Appeals has directed that the rule change be applied to

> "all proceedings commenced on and after January 1, 1979, and insofar as practicable, *to all proceedings then pending." Id.* at 1788 (emphasis added).

We see nothing to indicate the impracticability of applying the amended version. Rule 735 reads:

> "a. How Made — *Time.*

Subject to section e of this Rule, a defendant shall elect to be tried by a jury or by the court. The election shall be made pursuant to section b of this Rule and shall be filed within the time for filing a plea pursuant to Rule 731 [[(Pleas)]]. If the defendant elects to be tried by the court, the State may not elect a jury trial. [[After an election has been filed, the court may not permit the defendant to change his election except upon motion made prior to trial and for good cause shown. In determining whether to allow a change in election, the court shall give due regard to the extent, if any, to which trial would be delayed by the change.]]

b. Form of Election.

An election of a court or jury trial shall be in writing, signed by the defendant, witnessed by his counsel, if any, and filed with the clerk of the court in which the case is pending. It shall be substantially in the following form:

(caption of the case)

Election of Court Trial or Jury Trial

I know that I have a right to be tried by a jury of 12 persons or by the court without a jury. I am aware that before a finding of guilty in a jury trial all 12 jurors must find that I am guilty beyond a reasonable doubt. I am aware that before a finding of guilty in a court trial the judge must find that I am guilty beyond a reasonable doubt.

I hereby elect to be tried by: . . . . . . . . . . . . .
(insert 'the court' or 'a jury')

I make this election knowingly and voluntarily and with full knowledge that I may not be permitted to change this election.

Witness:

. . . . . . . . . . . . . . . .    . . . . . . . . . . . . . . . . . .
Signature of Counsel    Signature of Defendant
Date: . . . . . . . . . . . . .

c. When No Election Filed.

If the election is not filed within the time provided by this Rule, the court, on its own motion or upon the motion of the State's Attorney, may require the defendant, together with his counsel, if any, to appear before the court for the purpose of making the election in open court. If the defendant fails or refuses to make an election after being advised by the court on the record that his failure or refusal will constitute a waiver of his right to a trial by jury and if the court determines that the defendant knowingly and voluntarily is waiving his right with full knowledge of it, the defendant [[may then be tried by the court]] *will be deemed to have elected a trial by the court.*

d. When Court Trial Elected.

If the defendant [[files an election]] *elects* to be tried by the court, the trial of the case on its merits before the court may not proceed until the court determines, after inquiry of the defendant on the record, that the defendant has made his election for a court trial with full knowledge of his right to a jury trial and that he has knowingly and voluntarily waived the right. If the court determines otherwise, it shall give the defendant another election pursuant to this Rule.

[[e. Causes From District Court.

Where the defendant has a right to a jury trial and his cause has been transferred from the District Court because he has demanded a jury trial, he shall be tried by a jury and may not elect a court trial except with leave of court for good cause shown.]]

e. *Change of Election.*

1. *Change of Court Trial Election.*

*Subject to the provisions of section d, after an election for a court trial is made, the court may not permit the defendant to change his election except upon motion made prior to trial and for good cause shown. In determining whether to allow a change in the election, the court shall give due regard to the*

> *extent, if any, to which trial would be delayed by the change.*
>
> *2. Change of Jury Trial Election.*
>
> *After a jury trial has been elected pursuant to this Rule or in the District Court, the defendant may waive his right to a jury trial at any time up to 72 hours prior to the time of trial. The court may allow a change in the election of a jury trial at any time before trial upon motion and for good cause shown."*

Despite there being no written election in this case pursuant to subsections a. and b., the amended language brings us under subsection d. *See Biddle, supra.* That rule requires only that the court "determines, after inquiry . . . on the record" that the election was knowing, voluntary, and with full knowledge of defendant's rights. It does not require that the "inquiry" be by the court, only that it be on the record, to substantiate the court's determination.

That is precisely what was done here. The attorney's inquiry of appellant and appellant's subsequent affirmation, indicated a voluntary, knowing waiver of jury trial by appellant, with full knowledge of his right on the record. It was clearly sufficient to justify the court's determination of a knowing and voluntary waiver. The Court of Appeals has interpreted *Boykin v. Alabama,* 395 U. S. 238 (1969), as not requiring that a precise rubric or litany must be followed to effect a waiver of a constitutional right, such as the right to trial by jury. *Davis v. State,* 278 Md. 103, 107-108, 114 (1976) (taking of guilty pleas context). Even Rule 735 itself, in setting forth a proposed form to be followed when a written waiver is prepared, indicates such should be "substantially" complied with. Md. Rule 735 b. Common sense is the criterion.

We find that the appellant's waiver of a jury trial was properly accepted by the trial judge in accordance with Md. Rule 735.

> *Judgments affirmed.*
> *Costs to be paid by the appellant.*