KENNETH COUNTESS, JOHN FRANKLIN FAIRBANKS, LEROY GAULT, WILLIAM OSCAR McCOY AND LUTHER ROBINSON *v.* STATE OF MARYLAND

[No. 36, September Term, 1979.]

\* \* \*

STATE OF MARYLAND *v.* DONALD LEE HARRIS

[No. 49, September Term, 1979.]

*Decided December 10, 1979.*

445

446

The causes were argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, ORTH, COLE and DAVIDSON, JJ.

*Nancy Louise Cook, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellants in No. 36 and appellee in No. 49. *Marsha Weisheit, Assistant Public Defender,* on the brief in No. 49 only.

*Valerie A. Leonhart, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee in No. 36 and for appellant in No. 49.

ORTH, J., delivered the opinion of the Court. COLE, J., concurs in the result and filed a concurring opinion at page 463 *infra.* DAVIDSON, J., concurs in the result and filed a concurring opinion at page 464 *infra.* MURPHY, C. J., dissents

448

in part as to No. 36, September Term, 1979 and filed a dissenting opinion at page 470 *infra.*

Kenneth Countess, William Oscar McCoy, Luther Robinson, Leroy Gault, John Franklin Fairbanks and Donald Lee Harris were found guilty of committing divers crimes proscribed by the General Assembly of Maryland and against the peace, government and dignity of the State. They were duly sentenced.[1] Upon appeal to the Court of Special Appeals of Maryland, the judgments against Countess, McCoy, Robinson, Gault and Fairbanks were affirmed, and those against Harris were reversed. *Countess v. State,* 41 Md. App. 649, 398 A.2d 806 (1979); *McCoy v. State,* 41 Md. App. 667, 398 A.2d 1244 (1979); *Fairbanks v. State,* 42 Md. App. 15, 398 A.2d 814 (1979); *Harris v. State,* 42 Md. App. 248, 400 A.2d 6 (1979). We granted certiorari in each of the cases. The petitioners present a common question concerning Maryland Rule 735, which concerns the election by a defendant of a court or jury trial in a criminal cause. The petitioners ask: "Did the Court of Special Appeals err in its interpretation and application of Maryland Rule 735?" Countess, McCoy, Robinson, Gault and Fairbanks contend that the court so erred in affirming the judgments against them. The State claims that the court so erred in reversing the judgments against Harris.

I

The Declaration of Rights of the Constitution of Maryland bestows upon a defendant in a criminal prosecution by this State the right to be tried by an impartial jury of his peers. Md. Const., Declaration of Rights, Articles 5, 21 and 24.[2]

---

1. Countess was tried in the Criminal Court of Baltimore, McCoy, Robinson, Gault and Fairbanks were tried in the Circuit Court for Baltimore County, the first three of them jointly. Harris was tried in the Circuit Court for Wicomico County.

2. "[T]he inhabitants of Maryland are entitled to . . . the trial by Jury. . . ." Md. Const., Declaration of Rights, Art. 5. "[I]n all criminal prosecutions, every man hath a right . . . to a speedy trial by an impartial jury. . . ." *Id.,* Art. 21. "[N]o man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner, destroyed, or deprived of his life, liberty or property, but by the judgment of his peers, or by the Law of the Land." *Id.,* Art. 24, formerly Art. 23.

When Chapter 700 pertaining to Criminal Causes was completely rewritten effective 1 January 1962, this right was recognized in terms of the waiver of it. Rule 741 read:

> An accused may waive a jury trial and elect to be tried by the court. If an accused elects to be tried by the court the State may not elect a jury trial. An election to be tried by the court must be made before any evidence in the trial on the merits is taken unless otherwise provided by local rule of court.[3]

The Sixth Amendment to the Constitution of the United States includes the guarantee of a jury trial in criminal cases.[4] In 1968 the Supreme Court of the United States, following its selective incorporation of Bill of Rights provisions into the Fourteenth Amendment, announced its belief that "trial by jury in criminal cases is fundamental to the American scheme of justice," and held, therefore, that the right was applicable to the states through the Fourteenth Amendment. *Duncan v. Louisiana,* 391 U.S. 145, 149, 88 S.Ct. 1444 (1968). An accused may waive the right, but whether there is a proper waiver should be clearly determined by the trial court, and the determination must appear upon the record. Courts indulge every reasonable presumption against waiver of fundamental constitutional rights and do not presume acquiescence in the loss of them. *Johnson v. Zerbst,* 304 U.S. 458, 464-465, 58 S.Ct. 1019 (1938). The classic definition of waiver was enunciated in *Johnson* — "an intentional relinquishment or abandonment of a known right or privilege." *Id.* at 464. The controlling standard depends on the considered choice of the accused. "A

---

For a discussion of the history and extent of the right to a trial by jury in criminal prosecutions in Maryland *see* State v. Zimmerman, 261 Md. 11, 14-19, 273 A.2d 156 (1971); Smith v. State, 17 Md. App. 217, 219-231, 301 A.2d 54, *cert. denied,* 269 Md. 766 (1973).

3. The source of this rule was Rule 34 of the Uniform Rules of Criminal Procedure drafted by the National Conference of Commissioners on Uniform State Laws.

4. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the State and district wherein the crime shall have been committed. . . ." U. S. Const., amend VI.

There was also a right to a jury trial at the common law. Thompson v. State, 278 Md. 41, 49-52, 359 A.2d 203 (1976).

450

choice made by counsel not participated in by the [accused] does not automatically bar relief." *Fay v. Noia,* 372 U.S. 391, 439, 83 S.Ct. 822 (1963). There must be an intelligent and knowing waiver by the accused. In the final analysis, "[t]he determination of whether there has been an intelligent waiver [of a fundamental right] must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Johnson* at 464. *See Curtis v. State,* 284 Md. 132, 141-148, 395 A.2d 464 (1978).

II

In *State v. Zimmerman,* 261 Md. 11, 273 A.2d 156, decided 8 February 1971, this Court observed that it is established that "an accused may elect a court trial, thereby waiving a jury trial" and indicated that the election and waiver must be "knowing." *Id.* at 12.[5] Several months later, on 28 June 1971, Rule 741 was amended effective 1 September 1971. The former rule had been silent as to the mechanics of the election, and the revised rule went no further with respect to the procedural aspects of the election to be tried by jury or by court than to prescribe that "[s]uch election shall be made by the accused in open court when first called upon to plead after he is represented by counsel of record or has waived counsel." It spoke in terms of "election" rather than "waiver," *see Miller v. Warden,* 16 Md. App. 614, 622, n. 7, 299 A.2d 862 (1973), and authorized the court "in its discretion and for good cause shown, at any time prior to the trial [to] permit the accused to change his election."

This Court, by order dated 31 January 1977, effective 1 July 1977, approved and adopted another revision of the entire Chapter 700. Under this revision the matter of election of court or jury trial was contained in Rule 735. On 16 November 1978, Rule 735 was amended to "take effect and apply to all proceedings commenced on and after January 1, 1979, and insofar as practicable, to all proceedings then pending. . . ."

5. For the purposes of the opinion in State v. Zimmerman, 261 Md. 11, 273 A.2d 156 (1971) the Court regarded the words "intelligently" and "knowingly" as "synonymous and interchangeable." *Id.* at 13, n. 1.

As we see nothing to indicate that the 1978 amendments affect the cases in the posture in which they are before us, in determining the cases we shall consider the rule as it now stands, so that hereinafter, unless otherwise indicated, citations to sections are to sections of Rule 735 as presently in effect.

As under Rule 741, the prosecution has no say as to the mode of trial; whether the accused is to be tried by court or jury is his prerogative. It is now spelled out, however, that he shall exercise this prerogative by an election in writing, filed with the clerk of the court in which the case is pending within the time prescribed by Rule 731 for filing a plea. §§ a and b. The writing shall be substantially in the form set out in § b, which indicates it is to be signed by the accused, witnessed by his counsel, if any, and bear the date of its execution. In the suggested writing, the accused expressly acknowledges that he knows of his right to be tried either by a jury of 12 persons or by the court, and that to be convicted, he must be found to be guilty beyond a reasonable doubt in a jury trial by all 12 jurors, and, in a court trial by the judge. He designates which mode of trial he elects and asserts that he made the election "knowingly and voluntarily and with full knowledge that [he] may not be permitted to change [it]."

Even though an accused may be in full compliance with §§ a and b, that is, he has made an election by a writing substantially in the form prescribed, which writing has been duly executed and filed, if he has elected a court trial further steps are required. Despite the acknowledgments set out in the writing, before the trial of the case may proceed on the merits, the court must determine, "after inquiry of the defendant on the record, that the defendant has made his election for a court trial with full knowledge of his right to a jury trial and that he has knowingly and voluntarily waived the right. If the court determines otherwise it shall give the defendant another election pursuant to this Rule." § d.

If an election is not filed in writing as required by §§ a and b, the court on its own motion or upon motion of the prosecution, may require the defendant, with his counsel, if any, to appear before the court to make an election in open

court. § c. If the defendant then elects a court trial, the provisions of § d come into play. If he fails or refuses to make an election, the court shall advise him on the record that "his failure or refusal will constitute a waiver of his right to a trial by jury. . . ." § c. Then, "if the court determines that the defendant knowingly and voluntarily is waiving his right with full knowledge of it, the defendant will be deemed to have elected a trial by the court." *Id.*

Section e deals with a change of election. "Subject to the provisions of section d, after an election for a court trial is made, the court may not permit the defendant to change his election except upon motion made prior to trial and for good cause shown." § e1. "[D]ue regard to the extent, if any, to which trial would be delayed" shall be given by the court in its determination whether to allow a change. *Id.* After an election of a jury trial has been made, either pursuant to Rule 735 or in the District Court, "the defendant may waive his right to a jury trial at any time up to 72 hours prior to the time of trial," but "[t]he court may allow a change in the election of a jury trial at any time before trial upon motion and for good cause shown." § e2.[6]

## III

In *Zimmerman* we had "hasten[ed] to add" that we regarded it to be "the preferable practice in accepting an election of trial by the court from an accused . . . for the trial judge at that time to determine on the record whether this

6. Prior to the 1978 amendment, § e read:

Where a defendant has a right to a jury trial and his cause has been transferred from the District Court because he has demanded a jury trial, he shall be tried by a jury and may not elect a court trial except with leave of court for good cause shown.

The General Assembly has provided by Acts 1978, ch. 963, effective 1 July 1978, *see* Code (1974, 1979 Cum. Supp.) § 8-305 of the Courts and Judicial Proceedings Article:

In any criminal proceeding the defendant may waive his right to trial by jury at any time up to 72 hours prior to the time of trial. Upon waiver of jury trial the defendant shall be tried by the court sitting without a jury. The court may at any time before trial, upon motion and for good cause shown, allow a change in the election of a jury trial.

is a knowing election on the part of the accused of a court trial in lieu of a jury trial in much the same manner as that specified by the Court of Special Appeals for acceptance of a guilty plea." 261 Md. at 25-26. We took "cognizance of the fact that in some parts of the State trial counsel regularly advise their clients as to their recommendations as to election, but leave to the accused the actual stating of that election." But, we cautioned, "[e]ven in those instances the preferable practice — and the practice calculated to reduce litigation — is for the trial judge to then ascertain that the election is knowingly made." *Id.* at 26, n. 3. Rule 735 made this "preferable practice" mandatory, and set out the required details of the procedural scheme for the election of the mode of trial. The question posed by the petitioners here does not address the constitutional rights to a trial by jury. It does not challenge the effectiveness in the constitutional sense of the waiver by each defendant of those rights. It goes only to the interpretation and application of Rule 735 by the Court of Special Appeals. In short, all that is before us is whether there was compliance with the prescriptions of Rule 735 in the election made with respect to each defendant.[7]

As each defendant ultimately elected a court trial, our consideration focuses on § d of Rule 735 which we set out verbatim:

> If the defendant elects to be tried by the court, the trial of the case on its merits before the court may not proceed until the court determines, after inquiry of the defendant on the record, that the defendant has made his election for a court trial with full knowledge of his right to a jury trial and that he has knowingly and voluntarily waived the right. If the court determines otherwise, it shall give the defendant another election pursuant to this Rule.

There are three aspects to this procedure: (1) the election; (2) the inquiry; and (3) the knowledge necessary for an effective waiver of a trial by jury.

_____
7. We note, however, that an election of a court trial which is valid under Rule 735 would meet the requirements of an effective waiver of the constitutional rights to a trial by jury.

(1)

It is patent that the determination of a court trial must be made by the defendant; no one may make the determination for him. Section a declares flatly that "a defendant shall elect to be tried by a jury or by the court." Section d is invoked "[i]f *the defendant elects to be tried by the court,*" and speaks in terms of "*his* election for a court trial." (Emphasis added.) The most direct way to show that the election is that of the defendant is for him to so declare on the record in open court, or to place in the record a written election duly executed by him pursuant to § b. This is the preferable procedure, but the election may be voiced by his counsel in open court in the presence of the defendant.

(2)

The inquiry upon which the court determines that the defendant has made his election for a court trial with full knowledge of his right to a jury trial and has knowingly and voluntarily waived the right, must be "of the defendant on the record." It is clear that the inquiry required for the determination must be addressed to the defendant in open court and recorded. The inquiry need not be conducted by the judge; it may be made by defense counsel or even by the prosecutor, but the responses must come from the defendant himself. The Rule does not envision that counsel simply report to the court that he has inquired of the defendant and given him the information necessary for an effective election. In order to assess properly the validity of an election under Rule 735 the court must not only know what was told the defendant but be in a position to evaluate the responses of the defendant to the information imparted. The information given, the questions asked of the defendant and by the defendant and the answers and comments made must be on the record so as to be available for appellate review if the election is questioned.

(3)

The requirement of § d that the defendant must "knowingly and voluntarily" waive the right to a jury trial goes no further than the mandates for a waiver of that right under the constitutions. If the waiver is determined by the court to have been an intentional relinquishment or abandonment of a known right, it meets the test of Rule 735d. For the court to ascertain whether it was a "known right" which was waived, § d prescribes that the defendant have "full knowledge of his right to a jury trial." The defendant-petitioners urge that "[t]he term 'full knowledge' certainly implies understanding of the most salient features of trial by jury, including, at a minimum, the composition of the jury, the jury selection process, and the unanimity requirement." This goes far beyond what is necessary for a waiver of a jury trial to be constitutionally effective; the Supreme Court has certainly not enunciated such a test. We do not believe that Rule 735 calls for knowledge of all the matters which the defendant-petitioners suggest are essential to a valid election of a court trial. Such detailed information regarding a jury is not indicated. What the Rule contemplates is that the defendant have a basic understanding of the nature of a jury trial. We think that this understanding is generally satisfied when the defendant entitled to a jury trial knows that he has the right to be tried by a jury of 12 persons or by the court without a jury; that whether trial is by a jury or by the court, his guilt must be found to be beyond a reasonable doubt; that in a jury trial all 12 jurors must agree that he is so guilty but in a court trial the judge may so find. These are the matters which the defendant acknowledges he is aware of in the written form of election set out in § b of the Rule in designating his election of court trial or jury trial, and normally they should suffice. We saw no need to go further when we adopted the Rule, and we see no need to add other matters now. Ordinarily if the court duly determines that the defendant understands those aspects of a jury trial, he has, under the Rule, "full knowledge of his right to a jury trial."

## IV

The facts relevant to these appeals are presented to us by agreement pursuant to Maryland Rule 828 g.

*Countess*

Countess, before trial, elected a jury trial by a writing which was in the form designated by § b, signed by him and witnessed by an assistant public defender. Thereafter the appearance of a private attorney was filed. When the case came on for trial on 8 May 1978, the transcript of the proceedings shows that when asked by the clerk how he pleaded, his counsel responded by stating: "The plea is not guilty to all Counts in both indictments, Your Honor." The transcript then reads:

> THE CLERK: How do you elect to be tried?
>
> THE DEFENDANT: Judge.
>
> THE COURT: Okay. You understand you have a right to a Jury Trial, Mr. Countess?
>
> (Whereupon, the Defendant indicated affirmatively by nodding his head.)
>
> THE COURT: You understand that, sir?
>
> THE DEFENDANT: Yeah, I understand.
>
> THE COURT: Has your lawyer fully explained that to you?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: And you have elected to be tried by the Court instead of a Jury?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: I didn't hear you.
>
> THE DEFENDANT: Yeah.
>
> THE COURT: All right, yeah, okay.

The trial proceeded. Countess was convicted of assault with intent to murder and carrying concealed a deadly weapon and was sentenced in due course.

The Court of Special Appeals was convinced that "the

mandatory requirements of Rule 735 [had] been satisfied."
*Countess v. State,* 41 Md. App. at 657. The court reasoned:

> Both the appellant and his attorney signed the form
> which is part of the record, and it contains all of the
> information required by Section b. On the day of
> trial, the appellant indicated, in response to
> questioning, that he understood that he had a right
> to a jury trial and that his lawyer had fully explained
> his right to him. The signed form and the in-court
> responses to questioning, show that the appellant
> made his election of a court trial with full knowledge
> of his right to a jury trial and that he knowingly and
> voluntarily waived the right. [*Id.* at 657-658.]

In open court, on the record, Countess elected a court trial.
Neither the court nor his trial counsel mentioned the prior
written election for a jury trial, and the lawyer who had
witnessed the execution of the form was not counsel at trial.
The circumstances under which it had been signed were not
adduced. Although the election of a jury trial designated by
the written form had been changed on the day the case was
called to a court trial, no attempt was made to ascertain what
had prompted the change. There was an inquiry by the judge
of the defendant on the record, but the inquiry elicited no
more than the barest affirmations by Countess that he
understood that he had a right to a jury trial and that his
lawyer had "fully explained that to [him]." Even if it be
deemed to be implicit in the court's permitting the trial to
proceed without a jury that it had determined that Countess
made his election for a court trial "with full knowledge of his
right to a jury trial" and that he had "knowingly and
voluntarily waived the right," we do not see in the record
sufficient information for us to ascertain whether the court
had properly made such a determination. There may be
circumstances under which a written election in substantially
the form designated by the Rule would be enough to show
an effective election of a court trial within the contemplation
of § d, but such circumstances are not apparent here. The
judgment of the Court of Special Appeals as to Countess is

reversed and the case is remanded to that court with direction to reverse the judgments of the Criminal Court of Baltimore and to remand to that court for a new trial.

*McCoy, Robinson and Gault*

McCoy, Robinson and Gault were jointly tried. None of them had filed a writing electing a mode of trial. McCoy was represented by Karl H. Goodman, Esq., Robinson by Charles Shuman, Esq., and Gault by Russell J. White, Esq. When the case was called for trial on 2 August 1978 each defendant acknowledged the representation and in answer to inquiry by the court stated that he was satisfied with the services rendered by his attorney in the defense of the case. The transcript reflects:

> THE COURT: Now, you have a right to a trial by jury. What's the choice there?
>
> MR. WHITE: As to Mr. Gault, Your Honor, he is aware that he has a right to a jury and he understands what a jury is, 12 people selected to hear his case. In which case they must return a unanimous verdict of guilt, either guilty or not guilty. He elects to waive that right and be tried by the court.
>
> THE COURT: Very well. Mr. McCoy?
>
> MR. GOODMAN: Yes, sir. As far as Mr. McCoy's concerned, court trial, Your Honor. Waiver of jury trial, the same as Mr. White just explained to his client.
>
> THE COURT: Mr. Robinson?
>
> MR. SHUMAN: Your Honor, Mr. Robinson's waiving his right to a jury trial and will take a court trial. He has been fully advised that, of his Constitutional right to a trial by a jury comprised of 12 people. And knowing that right he is waiving his Constitutional right to a jury trial.
>
> THE COURT: Very well then.

The court asked for the pleas. Each counsel pleaded his client

not guilty and trial proceeded. Each defendant was found guilty of grand larceny and sentences were imposed.

The Court of Special Appeals affirmed the judgments. It said:

> A review of the record in this case convinces us that the mandatory requirements of Rule 735 d have been met. As indicated above, counsel for each appellant announced the waiver of a jury trial and explained his client's understanding of his right. At no time did the appellants, all of whom were present, voice any objection. Indeed, prior to the commencement of the State's case, each appellant indicated that he was satisfied with the services of his attorney. Together, all of this shows that each appellant made his election of a court trial with full knowledge of his right to a jury trial and each knowingly and voluntarily waived the right. [*McCoy v. State,* 41 Md. App. at 674-675.]

There was no inquiry of any *of the defendants on the record* as required by § d. All the court had before it on which to determine whether each defendant made the election of a court trial with full knowledge of his right to a jury trial and knowingly and voluntarily waived the right came from the defendant's counsel. As we have indicated, the responses to the inquiry must come from the defendant himself. Here counsel merely reported to the court that he had made inquiry of his client out of court and given the client the information necessary for an effective election. We have found that this is not sufficient under Rule 735. The judgments of the Court of Special Appeals as to McCoy, Robinson and Gault are reversed and the cases are remanded to that court with direction to reverse the judgments of the Circuit Court for Baltimore County and to remand to that court for new trials.

*Fairbanks*

Fairbanks did not file a written election of a jury or court trial. He was represented at the trial on 18 July 1978 by G. Warren Mix, Esq. When the case was called, Mr. Mix

informed the court that he represented the defendant, that "we are familiar with each and every count of the indictment," and that "[t]he plea will be not guilty to each and every count of said indictment." Counsel continued:

> Mr. Fairbanks understands what a jury trial is. He understands he has the absolute right to have a jury trial and wishes to waive that right and be tried by the Court here today. Is that correct. Mr. Fairbanks?

Fairbanks replied: "Yes, sir, it is." As it appeared that the defendant had not been previously arraigned, the court made inquiry of defense counsel and Fairbanks concerning the criminal information. Upon assurance that the defendant understood the charges, trial proceeded. Fairbanks was convicted of robbery with a deadly weapon and with using a handgun in the commission of a felony. He was sentenced on 16 August 1978. The Court of Special Appeals affirmed the judgments. In finding that Fairbanks' "waiver of a jury trial was properly accepted by the judge in accordance with Md. Rule 735," it stated that § d

> requires only that the court "determines, after inquiry ... on the record" that the election was knowing, voluntary, and with full knowledge of defendant's rights. It does not require that the "inquiry" be by the court, only that it be on the record, to substantiate the court's determination. [*Fairbanks v. State,* 42 Md. App. at 19.]

"That," it asserted, "is precisely what was done here." *Id.* It explained:

> The attorney's inquiry of [Fairbanks] and [Fairbanks'] subsequent affirmation, indicated a voluntary, knowing waiver of jury trial by [Fairbanks], with full knowledge of his right on the record. It was clearly sufficient to justify the court's determination of a knowing and voluntary waiver. [*Id.*]

Although Fairbanks did indicate on the record that he

understood what a jury trial was and that he understood he had the absolute right to a jury trial and wished to waive it, the record disclosed nothing further. The record is not sufficient to establish that he was aware that "before a finding of guilty in a jury trial all 12 jurors must find that [he was] guilty beyond a reasonable doubt," but that in a court trial he could be convicted by the judge alone so finding. Thus, there was not a showing on the record that Fairbanks had the "full knowledge of his right to a jury trial" contemplated by § d. The judgment of the Court of Special Appeals is reversed and the case remanded to that court with direction to reverse the judgments of the Circuit Court for Baltimore County and to remand to that court for a new trial.

*Harris*

On 17 May 1978, the day after Harris was charged by a criminal information, he filed a written election of a court trial in substantially the form set out in § b. When the case was called for trial on 16 August 1978, the court referred to the offenses charged in each count and asked Patrick L. Rogan, Jr., Esq., defense counsel, if he had advised the defendant of his right to a jury trial. Defense counsel replied: "Yes, Your Honor. He pleads not guilty, Your Honor, and trial by the Court. The plea and election stand." The court's only comment was, "All right, sir." The trial proceeded without further ado. Harris was convicted of robbery with a deadly weapon, two offenses of unlawful shooting and kidnapping, and duly sentenced.

In reversing the judgments and remanding the case for a new trial, the Court of Special Appeals stated that "there is nothing in the record of the in-court inquiry to show that [Harris] understood his right to a jury trial or that his waiver was voluntary." *Harris v. State,* 42 Md. App. at 254. It observed:

> The court's inquiry was addressed to counsel and was limited to whether [Harris] had been advised of his right to trial by a jury.... [T]he court did not address [Harris] and [Harris] was given no opportunity to speak. There is no basis in this record

for concluding that [Harris] acquiesced in any on the record explanation by counsel, ... or that he affirmed [a recital by his counsel]. [*Id.*]

The intermediate appellate court explained:

> The purpose of section d is to require the trial judge to determine on the record that the election of a court trial is knowing and voluntary. Such a determination must be made regardless of whether the section b form has been filed and serves to ensure the voluntariness and intelligence of the written waiver. The rule requires that the inquiry be made "of the defendant." In the present case no such inquiry was made and the appellant was not given the opportunity to state whether he understood his right to a jury trial or whether he was voluntarily electing a court trial. [*Id.*]

It concluded, "therefore, that the record fails to show compliance with Rule 735 d and [Harris's] conviction must be reversed." *Id.* at 254-255. We agree. The judgment of the Court of Special Appeals is affirmed.

Manifest from all we have said is that the answer to the petitioners' question is that the Court of Special Appeals erred in its interpretation and application of Rule 735 with respect to Countess, McCoy, Robinson, Gault and Fairbanks, but was correct in its interpretation and application of the Rule as to Harris.

## V

The State suggests that failure to comply with Rule 735 does not compel reversal of a judgment of conviction and sentence. It believes that the interest of justice would be sufficiently satisfied under post conviction procedures whereby defendants "can attempt to establish that their waivers of a jury trial were less than voluntary or intelligent." It opines that, in any event, there was simply a "technical failure to comply with Rule 735 d." It points out that the Rule "does not create a new right" but "merely

establishes a ritual for protecting the previously established right to a trial by jury." It asserts baldly that the right to a jury trial "was fully honored at the trials below." But that is precisely what cannot be determined because of the failure to comply with the dictates of the Rule. Its provisions are mandatory. On a number of occasions we have attempted to convey to bench and bar that our Rules "are not guides to the practice of law but precise rubrics 'established to promote the orderly and efficient administration of justice and [that they] are to be read and followed.' *Brown v. Fraley,* 222 Md. 480, 483 [, 161 A.2d 128] (1960)." *State v. Bryan,* 284 Md. 152, 155, 395 A.2d 475 (1978), quoting *Isen v. Phoenix Assurance Co.,* 259 Md. 564, 570, 270 A.2d 476 (1970). In short, Rule 735 means what it says, and proceeding with the trials of the cases despite the failures to comply with its provisions requires reversal of the judgments of the trial courts and entitles the defendants to be newly tried.

> *In Appeal No. 36, judgments of the Court of Special Appeals reversed and cases remanded to that court with direction to reverse the judgments of the respective trial courts and to remand each case to the appropriate trial court for a new trial; pursuant to Maryland Rule 882 f, costs are not reallocated as part of the judgment of this Court.*
>
> *In Appeal No. 49, judgment of the Court of Special Appeals affirmed; costs to be paid by Wicomico County.*

*Cole, J., concurring:*

I concur in the result reached by my colleagues in the cases decided today and commend them for emphasizing the deep commitment this Court has in preserving the integrity of the jury trial and exercising care that a criminal defendant who

relinquishes his right to be tried by a jury understands at that moment the impact of what he is doing. Nonetheless, it seems to me that rather than run the full mile the Court stops short of the finish line.

I agree that before his waiver can be accepted by the court, a defendant should make clear for the record that he understands what a jury trial is: a panel of 12 persons who must all agree to his guilt beyond a reasonable doubt and to a moral certainty. However, this is not enough.

The record should also reveal that the defendant understands he has the right to participate in the selection of those 12 persons so as to satisfy himself within the bounds of reason that these persons who shall decide his fate are his peers, drawn from a cross-section of his community, irrespective of race, sex, color, creed, or economic and political status and free from prejudice. Our laws and procedures grant him this right so as to assure him a fair and impartial trial. This right to choose his "judges" is, probably more than any other, the most distinctive difference between a judge and jury trial.

My colleagues suggest that such an inquiry by the court will unduly delay the administration of justice. I respectfully suggest to them that a speedy trial is not as fundamental as substantial justice. The time required to make such additional inquiry is minimal and is more than justified. It is clear to me that a demonstration on the record that the defendant understands his right to assist in selecting a jury of his peers and thereafter relinquishes this right to a jury trial will give full credibility to the judicial determination that he has performed this act freely, knowingly and voluntarily. Indeed, after running these few steps, we shall have crossed the finish line.

*Davidson, J., concurring:*

I agree with the majority's holding that under Rule 735 d, the election of a court trial is not effective unless there is an affirmative showing on the record that the defendant himself has asserted that "he has the right to be tried by a jury of

12 persons or by the court without a jury; that whether trial is by a jury or by the court, his guilt must be found to be beyond a reasonable doubt; and that in a jury trial all 12 jurors must agree that he is so guilty but in a court trial the judge may so find." I therefore concur that on the facts of the cases before us, there was not compliance with Rule 735 d.

The majority, however, not content with deciding the questions raised, briefed, and argued here, has also decided, in dicta, a question that was not raised, briefed, or argued, by stating that a defendant's election to be tried by the court "may be voiced by his counsel in the presence of the defendant." I cannot agree with this proposition.

In my view, there is no viable authority in Maryland to support the majority's position. In *Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253 (1930), the United States Supreme Court held for the first time that a defendant could waive a jury trial. With respect to the standard for an effective waiver, it said:

> "Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the *express* and intelligent *consent of the defendant.* And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity." (Emphasis added.) [*Patton,* 281 U.S. at 312-13, 50 S.Ct. at 263.]

Thus, under the *Patton* waiver standard, the express consent of the defendant is required for an effective waiver of a defendant's right to a jury trial.

Subsequently, in *Johnson v. Zerbst,* 304 U.S. 458, 464-65, 58 S.Ct. 1019, 1023 (1938), the Supreme Court established a standard for the effective waiver of a defendant's right to counsel. With respect to that standard, the Supreme Court indicated that when fundamental constitutional rights are involved, acquiescence in their loss cannot be presumed. Relying on the *Patton* waiver standards, that Court required that there be "an intelligent and competent waiver *by the accused*" which must "appear upon the record." (Emphasis added.) *Johnson v. Zerbst,* 304 U.S. at 464-65. 58 S.Ct. at 1023.

Thereafter, in a series of cases beginning with *Rose v. State,* 177 Md. 577, 581, 10 A.2d 617, 619 (1940), this Court stated that a defendant's election to be tried by a court rather than by a jury could be voiced by the defendant's attorney and that "nothing else [was] required under the law and regular practice." *See Chislom v. Warden,* 223 Md. 681, 683, 164 A.2d 912, 913 (1960); *Byrd v. Warden,* 210 Md. 662, 663-64, 124 A.2d 284, 285 (1956); *Cullings v. State,* 205 Md. 22, 24-25, 106 A.2d 69, 70-71 (1954); *Cumberland v. Warden,* 205 Md. 646, 648, 109 A.2d 66, 67 (1954); *Raynes v. Warden,* 193 Md. 700, 702, 65 A.2d 790, 791 (1948). Manifestly, at the time these cases were decided, the *Patton* and *Johnson v. Zerbst* waiver standards were not regarded as being applicable in Maryland.

Subsequently, in *Duncan v. Louisiana,* 391 U.S. 145, 149, 88 S.Ct. 1444, 1447 (1968), the Supreme Court held that the sixth amendment right to trial by jury was a fundamental constitutional right guaranteed by the fourteenth amendment. As a result, the *Patton* and *Johnson v. Zerbst* waiver standards became applicable to the states. Because the Maryland cases before *Duncan* had not decided the question whether, under those standards, an attorney may voice a defendant's election for a court trial, they do not constitute viable authority for the majority's position.

In 1971, this Court in *State v. Zimmerman,* 261 Md. 11, 11, 273 A.2d 156, 156, considered the sole question "of the proper time and place to raise a contention that a defendant in a criminal case did not knowingly waive — or, more properly under Maryland procedure, elect — a jury trial." This Court held that because the question whether the defendant had

knowingly waived a jury trial had not been raised in the trial court, it could not be raised on appeal. Rather, the proper time and place for it to be raised was in a post conviction proceeding. This Court noted that "[t]here was before the [trial] court an election of a court trial by counsel in the presence of the accused, the exact situation which appeared in *Rose.*" *Zimmerman,* 261 Md. at 23, 273 A.2d at 162. It did not, however, have before it, and therefore did not decide, the question whether it was appropriate under the *Patton* and *Johnson v. Zerbst* waiver standards for a defendant's election of a court trial to be voiced by his attorney. Thus, *Zimmerman,* like the Maryland cases decided before *Duncan,* does not constitute viable authority for the majority's position.

Indeed, the language and the purpose of Rule 735 itself support the contrary proposition — that a defendant himself, and not his attorney, must voice the defendant's election of a court trial. The primary purpose of Rule 735 is to protect the defendant's constitutional right to determine for himself whether to waive his right to a jury trial. Obviously, that right can best be protected by ascertaining from the defendant himself that he has waived it.

Rule 735 d is designed to implement the purpose of protecting the defendant's right to himself elect a court trial by assuring that he fully understood the nature of a jury trial, and that he made his election knowingly and voluntarily. It provides:

> "d. When Court Trial Elected.
>
> "If the defendant elects to be tried by the court, the trial of the case on its merits before the court may not proceed until the court determines, *after inquiry of the defendant on the record, that the defendant has made his election for a court trial with full knowledge of his right to a jury trial* and that he has knowingly and voluntarily waived the right. If the court determines otherwise, it shall give the defendant another election pursuant to this Rule." (Emphasis added.)

It is unclear from this language whether the purpose of the inquiry is to establish both that the defendant himself elected a court trial and that he had full knowledge of his right to a jury trial, or whether the purpose of the inquiry is to establish only whether the defendant had full knowledge of his right to a jury trial. If the ultimate purpose of Rule 735 is to be achieved, the 735 d inquiry cannot rationally be limited to the single question of the defendant's knowledge of his right to a jury trial. Unless it is also established that he himself made the election, his right is not protected. Accordingly, Rule 735 d must be read to require that there be an inquiry of the defendant on the record which affirmatively shows that the defendant elected a court trial.

The majority interprets Rule 735 d as requiring that the defendant himself indicate nothing more than that he understands that "he has a right to be tried by a jury of 12 persons or by the court without a jury; that whether the trial is by a jury or by a court, his guilt must be found to be beyond a reasonable doubt; and that in a jury trial all 12 jurors must agree that he is so guilty but in a court trial the judge may so find." While this information is sufficient to establish that the defendant has knowledge of his right to a jury trial, it is insufficient to establish that he himself has elected a court trial. As a result, there can be no affirmative showing on the record that the defendant himself has elected a court trial. In the absence of such a showing, there can not be compliance with Rule 735 d.

Moreover, the majority recognizes that when the Rule requires that there be an "inquiry of the defendant" to establish that the defendant understands the nature of a jury trial, the inquiry "must be addressed to the defendant" and that "the responses must come from the defendant's own mouth." Similarly, when the Rule requires that there be an inquiry of the defendant to establish that he elected a court trial, the inquiry must be addressed to the defendant and the response must come from his own mouth.

The conclusion that Rule 735 d requires that the defendant's election of a court trial be voiced by the defendant himself is supported by Rule 735 b. This Rule, like

Rule 735 d, is designed to implement the purpose of protecting the defendant's right to himself elect a court or jury trial by assuring that he fully understands the nature of a jury trial, and that he makes his election knowingly and voluntarily. Rule 735 b provides:

> "b. Form of Election.
>
> An election of a court or jury trial shall be in writing, *signed by the defendant,* witnessed by his counsel, if any, and filed with the clerk of the court in which the case is pending. It shall be substantially in the following form:
>
> I know that I have a right to be tried by a jury of 12 persons or by the court without a jury. I am aware that before a finding of guilty in a jury trial all 12 jurors must find that I am guilty beyond a reasonable doubt. I am aware that before a finding of guilty in a court trial the judge must find that I am guilty beyond a reasonable doubt.
>
> *I hereby elect to be tried by:*_____
> *(insert 'the court'*
> *or 'a jury')*
>
> I make this election knowingly and voluntarily and with full knowledge that I may not be permitted to change this election.
>
> Witness:
>
> _____     _____
> Signature of Counsel     *Signature of Defendant*
> Date: _____"

(Emphasis added.)

It is clear from this language that the form is intended to establish, insofar as here relevant, both that the defendant made an election of a court or a jury trial, and that he had full knowledge of his right to a jury trial. Section b of Rule 735 is the only section which defines by whom the election must be voiced. Specifically, it requires that the defendant himself, and not his attorney, sign the form by which he elects

to be tried by a court or by a jury. Thus, it specifically requires that a defendant, and not his attorney, must "voice" the defendant's election.

Because the purposes of Rule 735 b and 735 d are the same, and because the facts required to be established under each are the same, Rule 735 d must be read to require that the election of a court trial should be voiced by the defendant himself and not by his attorney.

In the light of the fact that there is no authority to support the majority's position; that both the language and the purpose of the Rule support a contrary position; that courts in other jurisdictions which have considered the question are divided;[1] and that the question was not raised, briefed or argued, I believe it is premature and unnecessary to decide in these cases whether a defendant's election of a court trial can be voiced by the defendant's attorney. Accordingly, I am unable to agree with my colleagues on this point.

*Murphy, C. J., dissenting:*

I agree with the Court's disposition of these cases except for *Countess,* as to which I respectfully dissent.

Rule 735 a requires that a defendant make an election to be tried by a jury or by the court. The form and content of the election are spelled out with precision in Rule 735 b. In addition, the election is required to be "in writing, signed by the defendant, witnessed by his counsel, if any, and filed with the clerk of the court in which the case is pending." The written form of election contained in Rule 735 b provides the

---

1. Some jurisdictions require that a defendant's election of a court trial must be voiced by the defendant himself. *E.g.,* Walker v. State, 578 P.2d 1388, 1389-90 (Alas. 1978); People v. Holmes, 5 Cal.Rptr. 871, 872-73, 353 P.2d 583, 584 (1960); Hawkins v. United States, 385 A.2d 744, 746 (D.C. 1978). Others recognize that it is preferable practice to have the election voiced by the defendant himself. *E.g.,* Leisure v. State, 254 Ark. 961, 966, 497 S.W.2d 1, 5 (1973); People v. Murrell, 60 Ill.2d 287, 289-291, 326 N.E.2d 762, 764-65 (1975); Scruggs v. State, 161 Ind.App. 666, 668, 317 N.E.2d 807, 809 (1974). Still others permit the defendant's attorney to voice the defendant's election for him. *E.g.,* Little v. Stynchcombe, 227 Ga. 311, 312, 180 S.E.2d 541, 542 (1971); State v. Kahalewai, 54 Hawaii 28, 29, 501 P.2d 977, 979 (1972); State v. Svitak, 193 Neb. 660, 661-63, 228 N.W.2d 306, 308-09 (1975).

defendant with advice concerning his constitutional right to a jury trial. It specifies:

"*Election of Court Trial or Jury Trial*

I know that I have a right to be tried by a jury of 12 persons or by the court without a jury. I am aware that before a finding of guilty in a jury trial all 12 jurors must find that I am guilty beyond a reasonable doubt. I am aware that before a finding of guilty in a court trial the judge must find that I am guilty beyond a reasonable doubt.

I hereby elect to be tried by: . . . . . . . . . . . . . . . .
(insert 'the court' or 'a jury')

I make this election knowingly and voluntarily and with full knowledge that I may not be permitted to change this election.

Witness:

. . . . . . . . . . . . . . . . .          . . . . . . . . . . . . . . . . .
Signature of Counsel          Signature of Defendant

Date: . . . . . . . . . . . . . . ."

Countess executed this form, electing a jury trial. He signed the form, and it was witnessed by his counsel. It was made a part of the record in the case.

On the day scheduled for his trial, Countess desired to change his election from a jury to a court trial, as is permissible under Rule 735 e 2. Rule 735 d requires that where a defendant elects to be tried by the court, trial may not proceed "until the court determines, after inquiry of the defendant on the record, that the defendant has made his election for a court trial with full knowledge of his right to a jury trial and that he has knowingly and voluntarily waived the right."

With Countess' previously executed written election for a jury trial in the record before him, the trial court initiated the requisite Rule 735 d inquiry of the defendant. In doing so, the trial judge knew from Countess' prior written election of a jury trial that he had earlier been advised that he had a right to be tried by a jury of 12 persons which could not convict him

unless all 12 jurors found him guilty beyond a reasonable doubt. The trial judge also knew that Countess had personally signed the election form with the knowledge of his attorney, acknowledging that his election was a knowing and voluntary one which he might not be permitted to change.

In dialogue with the trial judge, Countess personally stated that he wanted to be tried by the court. Asked by the judge if he understood that he had a right to a jury trial, Countess personally acknowledged that he understood that he had such a right. Countess, in response to another question from the trial judge, said that his lawyer had fully explained the right to a jury trial to him, but he elected to be tried by the court.

The majority has concluded that the inquiry made of Countess by the trial judge was insufficient to comply with the requirement of Rule 735 d that the court determine, "after inquiry of the defendant on the record, that the defendant has made his election for a court trial with full knowledge of his right to a jury trial and that he has knowingly and voluntarily waived the right." The majority holds that the inquiry would have been sufficient under the rule, and in full compliance with state or federal constitutional requirements necessary to effectuate a waiver of the right to a jury trial, if the substance of the advice contained in the written election form under Rule 735 b had been imparted to Countess in open court and he had at that time knowingly and voluntarily waived his right to a jury trial.

Nothing in Rule 735 d requires the trial judge to adhere to any set ritual in ascertaining whether the defendant has made his election for a court trial with full knowledge of his right to a jury trial and has knowingly and voluntarily waived the right. Where, as here, there has been a previously written election form personally executed by the defendant under Rule 735 b, and made part of the record in the case, the trial judge, in making the Rule 735 d inquiry, is entitled to take into account the fact that the defendant has acknowledged in writing that he knew of his right to be tried by a jury of 12 persons, and was also aware that he could not be convicted unless all 12 jurors found him guilty beyond a reasonable doubt.

Considering the substance of the information contained in Countess' written election, together with his personal response to the trial judge's in-court inquiry, namely, that he understood that he had a right to a jury trial, but elected a court trial instead, I conclude that there was sufficient compliance with the mandate of Rule 735 d in this case. Of course, had no prior written election been made by Countess, the Rule 735 d inquiry conducted by the trial judge would not have constituted compliance with the rule. But the written election is of record in this case and, coupled with the subsequent in-court inquiry made, spells the difference between compliance and noncompliance with the rule.

The majority totally ignores the execution by Countess of the written election form, treating it as a useless appendage, of no utility whatsoever in determining compliance with Rule 735 d, even though admittedly the executed form is part of the record in the case. It is somewhat incongruous, therefore, that the majority would consider the very same information imparted to the defendant on the election form respecting the right to a jury trial as the precise measure of the inquiry required to be made by the trial court under Rule 735 d.

The result reached by the majority is both strained and unnecessary, since nothing in Rule 735 d calls for any fixed or set ritual in ascertaining whether the defendant knew of his right to a jury trial and knowingly and voluntarily waived the right. The constitutional right to a jury trial and its waiver is no more difficult to comprehend than the constitutional rights implicated in and waived by the entry of a guilty plea, as outlined by the Supreme Court in *Boykin v. Alabama,* 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). Yet, in *Davis v. State,* 278 Md. 103, 361 A.2d 113 (1976), we eschewed the need for a specific ritual in ascertaining whether a guilty plea was voluntarily and intelligently entered, holding instead that that determination was to be made upon a consideration of the totality of the circumstances as reflected in the entire record. The same reasoning should be followed in determining compliance with Rule 735 d. Thus, a written election made under Rule 735 b for a jury trial, as here, should be considered, along with the in-court inquiry made of the

defendant, in determining compliance with Rule 735 d. To follow that path is to conclude that Countess had full knowledge of his right to a jury trial and knowingly and voluntarily waived it.