### JEFFREY HENRY MATTHEWS, JR. *v.* STATE OF MARYLAND

[No. 1104, September Term, 1979.]

\* \* \*

### MICHAEL EVERETTE STREET *v.* STATE OF MARYLAND

[No. 1120, September Term, 1979.]

*Decided July 10, 1980.*

The cause was argued before GILBERT, C. J., and MELVIN and WILNER, JJ.

*Arthur A. DeLano, Jr., Assistant Public Defender,* with whom were *Alan H. Murrell, Public Defender,* and *George E. Burns, Jr., Assistant Public Defender,* on the brief, for appellants.

*Diane Goldsmith, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County, Terry McGann, Assistant State's Attorney for Prince George's County* (for appellant Matthews), and *Gary Courtois, Assistant State's Attorney for Prince George's County* (for appellant Street), on the brief, for appellee.

MELVIN, J., delivered the opinion of the Court.

These two consolidated criminal appeals each present a single issue: Before a plea of guilty may be accepted pursuant to Maryland Rule 731 c, is it necessary that the record affirmatively show compliance with Maryland Rule 735 d as construed by the Court of Appeals in *Countess v. State,* 286 Md. 444, 408 A.2d 1302 (1979)?

## I

Appellant Jeffrey Henry Matthews, Jr. (Appeal No. 1104) was charged in an eight count indictment by the Grand Jury of Prince George's County with robbery and other related offenses. The case was called for trial on July 24, 1979 in the Circuit Court for Prince George's County (Meloy, J. presiding), at which time Matthews, through his counsel, withdrew his previously entered pleas of not guilty to two counts of the indictment and offered pleas of guilty to those two counts (robbery with a deadly weapon and unlawful use of a handgun in the commission of a felony). After questioning the appellant and his counsel, Judge Meloy accepted the pleas and entered judgments of conviction thereon. Pursuant to prior plea negotiations with the State, the remaining counts of the indictment were nol prossed.

Appellant Michael Everette Street (Appeal No. 1120) was charged in a ten count indictment by the Grand Jury of Prince George's County with rape in the first degree, two counts of rape in the second degree, and other related offenses. On July 18, 1979, the appellant and his counsel appeared before Judge Meloy in open court, at which time the appellant, through his counsel, withdrew his previously entered pleas of not guilty to all charges and offered pleas of guilty to two counts of rape in the second degree. The prosecutor announced that, pursuant to prior plea negotiations, if the court accepted the pleas, the remaining counts of the indictment would be nol prossed. After questioning the appellant and his counsel, Judge Meloy accepted the pleas and entered judgments of conviction thereon.

## II

The record in each of these cases reveals that before accepting the guilty pleas Judge Meloy addressed the defendants personally and fully explained to them the nature as well as the elements of the crimes to which they were offering their guilty pleas and the possible

punishments involved. Each defendant said he understood what the judge had explained to him. Each defendant confessed to the judge that he committed the crimes as alleged in the indictments, "no ifs, and buts", and each defendant said he wished to plead guilty because he "was, in fact, guilty." Each defendant said he understood that he had the right to stand trial and plead not guilty and that he would be presumed innocent until proven guilty beyond a reasonable doubt, but by pleading guilty he would give up those rights. The judge explained, and each defendant said he understood, various other rights he was waiving by pleading guilty. Each defendant also indicated that his guilty pleas were offered "voluntarily" and not as the result of any "coercive threats" or improper inducements. At the conclusion of the colloquy with each appellant, the judge announced on the record that he found the guilty pleas of each to be "constitutionally valid and voluntary."

## III

Included in the judge's inquiries to appellant Matthews (Appeal No. 1104) was the following:

> "THE COURT: Do you also understand that when you or anyone else pleads guilty to any criminal offense that they would be giving up, waiving, relinquishing and abandoning . . . your right to be tried by a jury? Do you understand that right and do you give it up?
> DEFENDANT MATTHEWS: Yes, sir."

The colloquy with appellant Street (Appeal No. 1120) included the following:

> "THE COURT: You also would be giving up your right to be tried by a jury. Do you understand that right and do you give it up?
> THE DEFENDANT: Yes, I do."

In both these appeals each appellant contends that their respective guilty pleas should not have been accepted

because Judge Meloy's inquiries and their answers thereto did not satisfy the requirements of Maryland Rule 735 d as construed in *Countess v. State, supra.* That Rule provides:

"d. When Court Trial Elected.

*If the defendant files an election to be tried by the court,* the trial of the case on its merits before the court may not proceed until the court determines, after inquiry of the defendant on the record, that the defendant has made his election for a court trial with full knowledge of his right to a jury trial and that he has knowingly and voluntarily waived the right. If the court determines otherwise, it shall give the defendant another election pursuant to this Rule." (Emphasis added).

The short answer to the appellants' contention is contained in *Countess* itself: "Section d [of Rule 735] is invoked '[i]f *the defendant elects to be tried by the court* ', and speaks in terms of 'his election for a court trial.' " (Emphasis in original). *Id.* at 454. In the cases before us, manifestly, each defendant by pleading guilty elected not to be tried at all — by a court or a jury. As said by the Supreme Court of the United States in *Brady v. United States,* 397 U.S. 742, 748 (1970), a guilty plea "is the defendant's consent that judgment of conviction may be entered without a trial . . . a waiver of his right to trial before a jury or a judge." *See also Boykin v. Alabama,* 395 U.S. 238 (1969), where the Supreme Court said at 242: "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." We, therefore, hold that Maryland Rule 735 d has no application to the acceptance of a plea of guilty.

Rule 731 c is the only Maryland Rule applicable to the standards that must be met before a plea of guilty may be properly accepted. It provides:

"c. Plea of Guilty.

The court may not accept a plea of guilty without

first questioning the defendant on the record to determine that the plea is made voluntarily, with understanding of the nature of the charge and the consequences of the plea. The court may accept the plea of guilty even though the defendant does not admit that he is in fact guilty if the court is satisfied that there is a factual basis for the plea. If the court refuses to accept a plea of guilty, the court shall enter a plea of not guilty."

This Rule was adopted by the Court of Appeals by order dated January 31, 1977, effective July 1, 1977, as part of a revision of Chapter 700 of the Maryland Rules of Procedure. In *Davis v. State,* 278 Md. 103, 361 A. 2d 113 (1976), the Court of Appeals rejected the view expressed in earlier decisions of the Court of Special Appeals that *Boykin v. Alabama, supra,* required, for a guilty plea to be valid, a specific on-the-record reference to and waiver of certain constitutional rights, including the right to trial by jury. The Court, speaking through Judge Digges, said:

"After scrutinizing the language employed by Justice Douglas, *we conclude that Boykin does not stand for the proposition that the due process clause requires state trial courts to specifically enumerate certain rights, or go through any particular litany, before accepting a defendant's guilty plea;* rather, we think *Boykin* merely holds that the record must affirmatively disclose that the accused entered his confession of guilt voluntarily and understandingly. Cases decided by the Supreme Court after *Boykin* do not indicate otherwise, nor do they themselves mandate express individualized references to and waivers of the particular rights mentioned by Justice Douglas. *See generally* Bishop, *Guilty Pleas in Wisconsin,* 58 Marq. L. Rev. 631, 635 (1975)." 278 Md. at 114. (Emphasis added).

* * *

"Since the decisions of this Court have long required guilty pleas to be entered voluntarily and

intelligently, *Boykin,* as we interpret it, *does not change the law as heretofore announced by this Court with regard to the acceptance of confessions of guilt except to command that the record affirmatively reflect what we had already mandated.* Examining the facts of the present case in light of what we have just said, we hold that Davis' guilty plea was properly entered because, as demonstrated by the colloquy previously quoted, *the record taken as a whole affirmatively discloses that the petitioner's plea was, as found by the trial judge, voluntary and intelligent."* 278 Md. at 118. (Emphasis added).

As in *Davis,* we hold that the guilty pleas of Matthews (Appeal No. 1104) and Street (Appeal No. 1120) were properly accepted, because in each case "the record taken as a whole affirmatively discloses" that both constitutional requirements and the requirements of Rule 731 c were fully met.

At oral argument, appellants sought solace from our recent opinion in *Priet v. State,* 45 Md. App. 1, 410 A.2d 1107 (1980) (*cert. granted* May 2, 1980), after they filed their briefs in the present cases. In that case, we held that the requirements of Rule 731 c were not met "because the judge did not inquire *on the record* of the defendant whether he understood the charges to which he pled guilty." (Emphasis added) *Id.* at 3. By analogy to the mandatory requirement of Rule 735 d that the subject matter of the judge's inquiries be *on the record (see Countess v. State, supra,* at 454), we held that the subject matter of the judge's inquiries under Rule 731 c must also be affirmatively shown by the record. We did not hold that the subject matter of the inquiries under the two Rules need be the same. Nothing in *Priet* is at variance with our holdings in the cases at bar.

> *Judgment in Matthews v. State (Appeal No. 1104) affirmed; costs to be paid by appellant.*
>
> *Judgment in Street v. State (Appeal No. 1120) affirmed; costs to be paid by appellant.*