## BYRD *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 4, October Term, 1956 (Adv.).]

*Decided July 12, 1956.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDER-
SON and HAMMOND, JJ.

HAMMOND, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial
of a writ of *habeas corpus* by Judge Smith of the Circuit
Court for Baltimore County. Judge Woodward, sitting with-
out a jury, in the Circuit Court for Montgomery County, had
found the petitioner guilty of assault with intent to rape and
sentenced him to life imprisonment.

Petitioner contends that his trial was illegal because he
was tried for an offense punishable by capital punishment by
a judge instead of a jury and that his counsel showed a lack
of diligence or a lack of competency in permitting this to hap-
pen.

There is no merit in the complaints. As was noted in
*Grammer v. State,* 203 Md. 200, 214, trial by the court in
criminal cases, including capital cases, is a normal and cus-
tomary procedure in Maryland and is, of course, entirely
legal. The record shows that the petitioner's counsel, in his
presence, elected a trial by the court without a jury and, this
being so, the election was that of the accused himself. *Raynes
v. Warden,* 193 Md. 700. Again, as was said in the *Grammer*
case: "There was no need, indeed no reason, why the Court
below *sua sponte* should have delayed the trial or taken any
action, other than to accept, as it did, the normal election of
the appellant to be tried by the Court * * *."

The petitioner's complaint against his counsel is that he
was not diligent or competent because he permitted petitioner
to elect a trial by the court instead of trial by a jury. The
mere statement of the claim is enough to demonstrate its lack

of merit. There is no allegation of fraud or bad faith or of collusion with any official of the State and no evidence that petitioner ever made any complaint to the Judge either before or during the trial, either concerning his counsel or the fact that the trial was by the court alone. It has been held that denial of a jury trial cannot be raised on *habeas corpus*. *Ahern v. Warden,* 203 Md. 672.

*Application denied, with costs.*